

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F STREET, N.E.
WASHINGTON, D.C. 20549-4631

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12-7-15_

Derek S. Bentsen
Assistant Chief Litigation Counsel
Telephone: (202) 551-6426
Facsimile: (202) 772-9282
BentsenD@sec.gov

**MEMO ENDORSED**

*Conference adjourned from December 22 to Feb. 23, 2016 at 11:00 a.m.*

*SO ORDERED*
*/s/ USDJ*
*12-7-15*

December 4, 2015

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Securities and Exchange Commission v. Wey, et al.*, 15-cv-7116-PKC (SDNY)

Dear Judge Castel:

    The U.S. Securities and Exchange Commission writes to respectfully request an adjournment of the Initial Pretrial Conference which is currently scheduled for December 22, 2015, at 11:00 A.M. The Commission believes an adjournment of approximately 60 days would conserve judicial resources and allow the Initial Pretrial Conference to be more effective for several reasons described below. This is the first request for an adjournment of the Initial Pretrial Conference.

    *First*, as the Court is aware, there is a parallel criminal action involving two of the defendants in this civil action. *See United States v. Wey & Erbek*, 15-cr-611-AJN (S.D.N.Y.). The parties in the criminal action are currently set for a status conference before Judge Nathan on December 14, 2015, at 10:00AM, and it is anticipated that the Court will set the trial schedule for the criminal action at or shortly after the status conference. Based on our discussions with the Assistant U.S. Attorneys handling the criminal action, we believe that they will move to intervene and stay discovery in this action pending resolution of the criminal case. Adjourning the Initial Pretrial Conference would allow for the necessary motions practice related to the anticipated motion to intervene prior to the preparation of a Case Management Plan and Scheduling Order in accordance with this Court's eventual ruling.

    *Second*, this is a multi-defendant case, with several international defendants who have not yet been served. Although the domestic defendants have been served, waived service, or indicated that they will waive service, the same is not true for the international defendants. The Commission has learned recently that all but one of the named relief defendants has dissolved, and we intend to

The Honorable P. Kevin Castel
December 4, 2015
Page 2 of 2

serve the remaining one in accordance with the applicable Hague Convention and Federal Rule of Civil Procedure 4(f)(2)(c)(ii) early next week. As to the international individual defendants, the Commission intends to file a motion to allow for alternative service pursuant to Rule 4(f)(3) promptly after the Court enters an order on the required pre-motion letter, which we will file shortly.[1] Granting this adjournment will give the parties and Court time to consider the Commission's motion and obtain alternative service (if the Court grants the motion). An adjournment would also ensure that all parties who will be participating in this action are represented at the Initial Pretrial Conference and may meaningfully participate in preparing the required submissions, including the Case Management Plan and Scheduling Order.

The Commission respectfully suggests that an adjournment of the Initial Pretrial Conference of approximately 60 days will allow the parties to prepare a substantially more useful Case Management Plan and Scheduling Order as well as provide meaningful participation in the Conference.

If the Court denies this request, the Commission alternatively requests a brief adjournment of approximately two-weeks to accommodate Commission and defense counsel pre-planned holiday travels, which conflict with the current date of December 22, 2015.

No counsel for a defendant objects to this request.[2]

Sincerely,

*D. K. B*

Derek S. Bentsen

---

[1] One such defendant, Seref Dogan Erbek, has indicated through counsel that he is considering whether to waive service. Undersigned counsel for the Commission indicated to Erbek's counsel that we nonetheless intend to move the Court to allow for alternative service.

[2] Undersigned counsel for the Commission has not spoken to counsel for New York Global Group, Tianyi Wei or Han Hua, Ltd. because the Commission is not aware of the identity of those defendants' counsel at this time. Counsel for Erbek took no position on this request.