

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F STREET, N.E.
WASHINGTON, D.C. 20549-4631

Derek S. Bentsen
Assistant Chief Litigation Counsel
Telephone: (202) 551-6426
Facsimile: (202) 772-9282
BentsenD@sec.gov

December 10, 2015

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Securities and Exchange Commission v. Wey, et al.,* **15-cv-7116-PKC (SDNY)**

Judge Castel:

In accordance with Practice 4(A)(1) of the Court's Individual Practices, the Securities and Exchange Commission ("SEC" or "Commission") respectfully submits this pre-motion letter regarding the Commission's intention to seek an order from the Court allowing alternative service of process pursuant to Federal Rule of Civil Procedure 4(f)(3). The Initial Pretrial Conference is currently set for February 23, 2016, at 11:00 A.M.

This case involves two individual defendants who reside outside any judicial district of the United States: Tianyi Wei, who resides in China, and Dogan Seref Erbek, who resides in Switzerland. Federal Rule of Civil Procedure 4(f) sets forth three options for serving such individuals: (1) by internationally agreed means, such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"); (2) several specified means in the absence of an internationally agreed means, or if an international agreement allows but does not specify other means (such as by mail from the clerk with signed receipt); or (3) by "other means not prohibited by international agreement, as the court orders."

*Requirements for Alternative Service*

As discussed below, with the Court's approval, pursuant to Rule 4(f)(3), the Commission seeks to serve Erbek through his domestic attorney, and Wei through known email addresses she has used, through the United States registered agent for her company, and through her employer's New York office. These methods would be both the most efficient, and likely to achieve service

The Honorable P. Kevin Castel
December 10, 2015
Page 2 of 4

on these defendants. "[I]t is not necessary to exhaust or demonstrate the impossibility of service under Rule 4(f)(1)-(2) before resorting to service under Rule 4(f)(3)." *NYKCool A.B. v. Pacific Int'l Services, Inc.*, Case No. 12-cv-5754, 2015 WL 998455, at *3 (S.D.N.Y. Mar. 5, 2015); *see also SEC v. Anitcevic*, Case No. 05-cv-6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 9, 2009). Court authorized alternative service pursuant to Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief.'" *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 265 (S.D.N.Y. 2012). Rather, [i]t is merely one means among several which enables service of process on an international defendant." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *RSM Prod. Corp. v. Fridman*, 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007).

Although Rule 4 does not require an attempt to serve a defendant pursuant to Rule 4(f)(1)-(2), some courts have imposed this requirement before authorizing alternative service pursuant to Rule 4(f)(3). *See In re Sinohub, Inc. Securities Litig.*, Case No. 12-cv-8478, 2013 WL 4734902, at *2 (S.D.N.Y. Aug. 14, 2013). The Court need not address this particular question as neither Rule 4(f)(1) nor 4(f)(2) applies to service of process on defendants Erbek and Wei.

Although both China and Switzerland are signatories to the Hague Convention, the Hague Convention does not apply to the Commission's efforts to serve process in this case. The Commission is not aware of the addresses of either Wei or Erbek. Their conduct that led to this action against them occurred (as currently known to the Commission) via electronic communications. The Commission's investigation determined their business addresses, but not their residential addresses. Additional investigation by Commission staff has returned multiple addresses for both Wei and Erbek, and the Commission has no basis to determine which, if any, is valid. By its own terms, the Hague Convention does not apply to a situation such as this where a defendant's address is unknown. Hague Service Convention, art. 1, Nov. 15, 1965, 20 U.S.T. 361; *United States v. Real Property Known as 200 Acres of Land near FM 2868 Rio Grande City, Tex.*, 773 F.3d 654, 659 (5th Cir. 2014). Thus, Rule 4(f)(1) does not provide a means to serve Wei or Erbek. Additionally, as explained below, because the methods of alternative service the Commission is seeking the Court to authorize are almost exclusively domestic, the Hague Convention is only implicated as to one potential method for alternatively serving Wei.

Rule (4)(f)(2) applies only "if there is no internationally agreed means, or if an international agreement allows or does not specify other means" of service. In this case, because the Hague Convention generally provides an "internationally agreed means" of service between the United States and both China and Switzerland—even though it is not helpful here because, as noted above, the Commission lacks defendants' residential addresses—Rule 4(f)(2) is not applicable. *See Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, Case No. 03-cv-8554, 2009 WL 1055577, at *2 (S.D.N.Y. Apr. 17, 2009). Additionally, even if Rule 4(f)(2) could apply, there is "nothing in the text of the rule which contains a hierarchy of service methods as between Rule 4(f)(2) and Rule 4(f)(3)." *Swarna*, 2007 WL 2185605, at *1 (Castel, J.). And if Rule 4(f)(2) *did apply* here, alternative service under Rule 4(f)(3) would be superior given that the

The Honorable P. Kevin Castel
December 10, 2015
Page 3 of 4

Commission does not know the addresses of either defendant and the directly contemplated means of service in Rule 4(f)(2)(C) are prohibited by both Swiss and Chinese law.

All that is required for proper service under Rule 4(f)(3) is that the means are not prohibited by international agreement and are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see id* at 317 ("In the case of persons missing or unknown, employment of an indirect and even probably a futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights."); *Smith v. Islamic Emirate of Afghanistan*, Case Nos. 01-cv-1032, 01-cv-10144, 2001 WL 1658211, at *2 (S.D.N.Y. Dec. 26, 2001). The proposed methods of serving each of the defendants, as described below, easily meet this constitutional standard.

*Proposed Methods of Alternative Service*

As previously stated, the Commission seeks the Court's approval to serve Erbek through his attorney and to serve Wei through known email addresses she has used, through the United States registered agent for her company, and through her employer's New York office. Defendant Erbek has retained counsel in New York—Marc Litt of Baker & McKenzie LLP—to assist him in this matter. Mr. Erbek's counsel has met with counsel from the U.S. Attorney's Office and the Commission regarding the pending cases. Given that Erbek has actual notice of the allegations against him, and has retained counsel who may present any objection to the Court, service on his domestic counsel clearly comports with the requirements of due process. Courts have routinely permitted service of process on a foreign defendant's domestic counsel. *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 537-38 (N.D. Cal. 2010); *Freedom Watch, Inc. v. O.P.E.C.*, 766 F.3d 74, 82-84 (D.C. Cir. 2014); *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013) (noting that service on domestic counsel "'is a common form of service ordered under Rule 4(f)(3).'") (quoting *Richmond Techs., Inc. v. Aumtech Business Solutions*, Case No. 11-cv-2460, 2011 WL 2607158, at *13 (N.D. Cal. Jul. 1, 2011). This method of service is not prohibited by international agreement; indeed because it involves only the transmission of documents domestically, it does not even "implicate" the Hague Convention. *Volkswagenerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988); *Jian Zhang*, 293 F.R.D. at 515; *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012). Service on Erbek via Federal Express and e-mail delivery are appropriate means of service and should be ordered pursuant to Rule 4(f)(3).

During the course of the investigation that led to this action, Commission staff identified several email addresses used by defendant Wei including sarah@nygcapital.com, wbb219@yahoo.com, and keyiwo@126.com. Additionally, Wei is an employee and manager of New York Global Group's office in Beijing, China. The Commission requests an order allowing service on Wei via email to the above email addresses; hand delivery on the agent of the domestic entity, New York Global Group; and delivery to the New York office of New York Global Group. These forms of service have been approved in other cases and are reasonably calculated to provide notice. *See, e.g., Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 654 (C.D. Cal. 2012)

The Honorable P. Kevin Castel
December 10, 2015
Page 4 of 4

(collecting cases in which "courts have authorized alternative service on individual defendants located in China through their companies, their companies' agents, or their companies' attorneys"); *Lexmark Int'l, Inc. v. Ink Technologies Printer Supplies, LLC*, 291 F.R.D. 172, 174 (S.D. Ohio 2013) (service on Chinese company via China-hosted e-mail accounts); *Philip Morris USA Inc. v. Veles Ltd.*, Case No. 06-cv-2988, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007) (approving of e-mail service in proper circumstances). Service on Wei via her employer New York Global Group's agent, by delivery to its New York office, and by email to sarah@nygcapital.com and wbb219@yahoo.com do not implicate the Hague Convention as they all involve only sending documents domestically. *Volkswagenerk*, 486 U.S. at 707; *Jian Zhang*, 293 F.R.D. at 515; *GLG*, 287 F.R.D. at 267; *Brown*, 285 F.R.D. at 564. Wei's email address of keyiwo@126.com would involve sending a document abroad, as the Commission understands that the servers for that email service are located in China. No international agreement prohibits service in China via email pursuant to court order. *Lexmark Int'l, Inc.*, 291 F.R.D. at 174. The proposed methods of service on defendant Wei are not prohibited by international agreement and are consistent with due process.

Finally, the Commission notes that alternative service is appropriate here because this case also involves domestic defendants who have already been served or have waived service. If the Court does not permit alternative service pursuant to Rule 4(f)(3), any efforts to serve Wei and Erbek will either invariably slow the case or de-couple Wei and Erbek from the other defendants in the case. Such concerns have been used by courts in considering whether to allow alternative service pursuant to Rule 4(f)(3). *See, e.g., Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y.) *GLG*, 287 F.R.D. at 266 ("Courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)").

The Court's Individual Practice requires that this letter propose a schedule for this motion. As this is inherently an *ex parte* motion—given that the proposed defendants to whom this applies are not yet in the case (and indeed it is the very purpose of this motion to bring those defendants into the case by serving them)—a traditional briefing schedule is not necessary. Nonetheless, the Commission respectfully suggests that its motion and supporting materials be filed no later than January 7, 2016, any response by Wei or Erbek be due two weeks after the Commission's motion (the Commission will provide a copy of this letter to Wei and Erbek via email and overnight delivery to the individuals and entities described above for service), and that the Commission's reply brief be due one week after any opposition filed by Wei or Erbek.

Sincerely,

Derek S. Bentsen