UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                      Plaintiff,

v.

BENJAMIN WEY,
NEW YORK GLOBAL GROUP,
TIANYI WEI,
MICHAELA WEY,
ROBERT NEWMAN,
WILLIAM UCHIMOTIO, and
SEREF DOGAN ERBEK,

                      Defendants,

and

ADVANTAGE CONSULTANTS, LTD.,
YORK CAPITAL MANAGEMENT, LTD.,
FOUR TONG INVESTMENTS, LTD.,
STRONG GROWTH CAPITAL, LTD.,
MEDIAN ASSETS INVESTMENTS, LTD., and
HAN HUA, LTD.,

                  Relief Defendants.

-----------------------------------------------------------------X

                Civil Action No. 15-7166
                (PKC)
                ECF CASE

## PROPOSED INTERVENOR PLAINITFF HANNA BOUVENG'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

1

Proposed Intervenor-Plaintiff Hanna Bouveng, by and through her attorneys Morelli Law Firm, PLLC, respectfully submits this Memorandum of Law in Support of her Motion to Intervene pursuant to Federal Rules of Civil Procedure 24(a) and 24(b).

## PRELIMINARY STATEMENT

Proposed Intervenor-Plaintiff Hanna Bouveng possesses an unsatisfied judgment for compensatory damages in the amount of $2,000,001 against defendants Benjamin Wey ("Wey") and New York Global Group ("NYGG") from the United States District Court for the Southern District of New York, *Bouveng v. NYG Capital LLC d/b/a New York Global Group, et al.,* Case No. 14 Civ. 5474 (PGG). She also possess a judgment for $10,000,001 in punitive damages against Wey and $1,000,001 in punitive damages against NYGG.

Pursuant to Fed. R. Civ. P. 24(a) and (b), Hanna Bouveng now seeks to intervene in this action since the defendants herein are likely to possess funds that can satisfy all or part of Ms. Bouveng's judgment and the Plaintiff in the within action, the United States Securities and Exchange Commission (the "SEC"), is seeking a remedy that interferes with the lawful rights of Proposed Intervenor-Plaintiff Hanna Bouveng. A copy of Hanna Bouveng's proposed Complaint in Intervention is attached as **Exhibit 1**.

## RELEVANT FACTS

Hanna Bouveng brought an action in the Southern District of New York against defendants NYG Capital LLC, d/b/a New York Global Group, FNL Media LLC, and Benjamin Wey. Ms. Bouveng's claims arose out of her employment at NYGG, Wey's *quid pro quo* sexual harassment of Ms. Bouveng during her employment, and the retaliatory, and defamatory actions taken by Wey and NYGG after Ms. Bouveng refused Wey's sexual advances. The Second Amended Complaint

2

asserted, among others, claims for sexual harassment and retaliation under the New York State

Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), and

state law claims for defamation.

On July 9, 2015, following completion of a jury trial, the Honorable Paul G. Gardephe,

United States District Judge for the Southern District of New York, entered Judgment in favor of

Hanna Bouveng and against defendants in this action Benjamin Wey and New York Global Group,

and awarded Ms. Bouveng damages in the total amount of $18,000,004.00.

The Judgment awarded Ms. Bouveng $13,000,003 in damages directly against Wey and

NYGG.   Specifically, the Judgment awarded Ms. Bouveng $500,000 in compensatory damages

on her *quid pro quo* sexual harassment claims under NYSHRL and NYCHRL; $1,500,000 in

compensatory damages on her defamation claim; $1 in compensatory damages on her retaliation

claims under NYSHRL and NYCHRL; $10,000,000 in punitive damages on her defamation claim

against Wey; $1,000,000 in punitive damages on her defamation claim against NYGG; $1 in

punitive damages on her retaliation claim under NYCHRL against Wey; and $1 in punitive

damages on her retaliation claim under NYCHRL against NYGG.

On July 28, 2015, an Abstract of Judgment was entered in the Southern District of New

York.   On July 29, 2015, Ms. Bouveng registered her judgment with the New York County Clerk.

On July 31, 2015, Ms. Bouveng obtained a writ of execution from the Clerk of the District Court

for the Southern District of New York.   The defendants in that action have moved to set aside the

judgment or reduce the award pursuant to Fed.R.Civ.P. 50 and 59.   However, the defendants have

not bonded the judgment, therefore execution has not been stayed.

As of the date of this Motion to Intervene, the judgment remains unsatisfied.   Interest is

3

accumulating on the judgment at a rate of 9% per year.   Hanna Bouveng's Motion for Attorney's Fees totaling $1,973,637.25, brought pursuant to NYCHRL, is also pending.

Unless Hanna Bouveng is permitted to intervene, the disposition of this action will impair and impede her ability to satisfy the judgment as the SEC is seeking a remedy that interferes with her lawful rights.   No other party currently in this case is able to adequately represent or protect that interest.

## ARGUMENT

### I.   Hanna Bouveng Should Be Permitted to Intervene as of Right.

Federal Rule of Civil Procedure 24(a)(2) provides in pertinent part:

(a) Intervention of Right.   On timely motion, the court must permit anyone to intervene who:

\*\*\*\*\*

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Thus, to intervene pursuant to Fed. R. Civ. P. 24(a): "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."   *R Best Produce, Inc. v. Shulman-Rabin Marketing Corp.,* 467 F.3d 238, 240 (2d Cir. 2006) (quoting *In re Bank of New York Derivative Litig.,* 320 F.3d 291, 300 (2d Cir. 2003)) (internal quotation marks omitted); *see also MasterCard Int'l Inc. v. Visa Int'l Serv. Assoc., Inc.,* 471 F.3d 377, 389 (2d Cir. 2006).   "Failure to satisfy any one of these [four] requirements is a sufficient ground to deny the application."   *Id.*   However, denial of intervention is not mandatory if one element is not met.   *See Cole Mech. Corp. v. Nat'l Grange Mut. Ins. Co.,* No. 06

4

CIV. 2875 LAK HBP, 2007 WL 2593000, at *2 (S.D.N.Y. Sept. 7, 2007) (noting that the test is flexible and courts generally look at all four factors rather than focusing narrowly on any one). Whether a party may intervene is left to the Court's sound discretion. *Brennan v. New York City Bd. Of Educ.*, 260 F.3d 123, 128 (2d Cir. 2001). "Courts typically consider the same four factors whether a motion for intervention is 'of right' under Fed.R.Civ.P. 24(a), or 'permissive' under Fed. R. Civ. P. 24(b)." *Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54, 57 (S.D.N.Y. 2013).

Hanna Bouveng satisfies all four of the criteria for intervention as of right.

### A. Hanna Bouveng's Motion Is Timely.

Hanna Bouveng has timely filed her motion to intervene. The Complaint in this action was filed on September 10, 2015, and the Amended Complaint was filed on November 9, 2015. Hanna Bouveng has filed her motion to intervene approximately one month after the Amended Complaint was filed. There is no prejudice to the existing parties since discovery has not begun and no substantive motions have been filed. No answers or responsive pleadings have been filed. The initial pretrial conference is not set to be held until February 23, 2016.

Therefore, this motion to intervene is timely. *See e.g., Int'l Design Concepts, LLC v. Saks, Inc.*, 486 F.Supp.2d 229, 234 (S.D.N.Y. 2007) (motion to intervene filed more than one year after second amended complaint was timely where delay caused no prejudice to parties).

### B. Hanna Bouveng Asserts an Interest that is the Subject of the Action.

As cited above, to intervene, a party must also show a cognizable interest in the action. "For an interest to be cognizable under Rule 24(a)(2), it must be direct, substantial, and legally protectable." *Brennan*, 260 F.3d at 129.

Hanna Bouveng asserts a cognizable interest in the litigation because she has an unsatisfied

5

judgment against defendants Wey and NYGG that is substantial and legally protectable. *See Peterson*, 290 F.R.D. at 57 (proposed intervenors asserted sufficient interest in property at issue in judgment creditors' action to recover under default judgments to warrant intervention as of right, even though court had already granted plaintiffs' partial summary judgment motion, where funds in question remained at issue at time of intervenors' motion, court had not yet entered formal turnover order, and intervenors had colorable argument that their interest in funds was senior to that of at least some existing plaintiffs); *Gale v. Stallone*, No. 91 CIV. 3467 (JFK), 1993 WL 410162, at *1 (S.D.N.Y. Oct. 14, 1993) (as a judgment creditor, proposed intervenor had an interest in the property at issue sufficient enough to allow for its intervention as of right). The Writ of Execution obtained from the District Court for the Southern District of New York gives her a direct interest in the disposition of the funds at issue in this lawsuit. *See Peterson*, 290 F.R.D. at 57. At a minimum, Ms. Bouveng is entitled to a lien on Wey and NYGG's assets sufficient to satisfy the judgment. *See Gale*, 1993 WL 410162, at *1 (although proposed intervenor's judgment did not specifically involve the property at issue, it was entitled to a lien on plaintiff's assets sufficient to satisfy the judgment).

The Writ of Execution gives Hanna Bouveng a direct interest in the disposition of defendants' illegal profits and civil monetary penalties that are being sought by the SEC in this lawsuit. In addition, her interest is not contingent upon any sequence of future events. Rather, the existing Judgment and Writ of Execution entitles her to relief. The interest claimed by Hanna Bouveng is, in fact, virtually identical to that of the existing plaintiff to the extent they both seek monetary relief from defendants Wey and NYGG. *See Peterson*, 290 F.R.D. at 57. Hanna Bouveng is a judgment creditor of Wey and NYGG such that she is entitled to execute upon assets

6

belonging to Wey and NYGG.   Ms. Bouveng therefore has a direct financial interest in the assets that are the subject of this litigation.

Accordingly, Hanna Bouveng "asserts an interest relating to the property or transaction that is the subject of the action."  *MasterCard Int'l Inc.*, 471 F.3d at 389.

### C. Disposition of the Action May Impair or Impede Hanna Bouveng's Ability to Protect Her Interests.

Proposed Intervenor-Plaintiff Hanna Bouveng's interest in satisfying the July 9, 2015 Judgment from Wey and NYGG's assets may be permanently impeded if she is not permitted to intervene in this action because the SEC is seeking a remedy that interferes with the lawful right of the proposed intervenor.   The disposition of this action in the absence of her presence would harm her interests and ability to satisfy the judgment.   The SEC wishes to seize the same assets and money from Wey and NYGG that Hanna Bouveng is already entitled to pursuant to her Judgment. *See Gale*, 1993 WL 410162, at *1 (conceivable that disposition of the action may impair proposed intervenor's ability to protect its interest in the property because its judgment was years old and it had yet to receive even partial payment on the debt).   In fact, Hanna Bouveng has priority over the assets of Wey and NYGG because her Judgment was entered prior to the initiation of the within action.

### D. Hanna Bouveng's Interest Is Not Adequately Represented by Other Parties.

Finally, intervention as of right is appropriate because Hanna Bouveng's interests are not adequately represented by the existing plaintiff in this action.   "[T]he burden to demonstrate inadequacy of representation is generally speaking minimal."  *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (internal quotations omitted).   Hanna Bouveng easily satisfies this minimal standard.

7

The plaintiff in this action does not, and cannot, adequately represent Ms. Bouveng's interests.   The SEC seeks to have defendants disgorge all illegal profits obtained as a result of their fraudulent misconduct, pay prejudgment interest thereon, and impose civil monetary penalties on the defendants.   Because Wey and NYGG may not have sufficient assets or funds to also satisfy Ms. Bouveng's Judgment, the SEC's recovery may be to the exclusion of Ms. Bouveng.   Consequently, unless Ms. Bouveng is permitted to intervene, no one will represent her interests to ensure that Wey and NYGG's assets are available to satisfy her Judgment.

**II.     In the Alternative, Hanna Bouveng Should Be Permitted to Intervene.**

Even if a party is not entitled to intervene as of right, the Court may still permit it to intervene if that party has a "claim or defense that shares with the main action a common question of law or fact."   Fed. R. Civ. P. 24(b)(1)(B).   This standard is easily satisfied as Hanna Bouveng's claims relate to the location of Wey and NYGG's assets, questions that are at the heart of this case.

Therefore, in the alternative, Hanna Bouveng asks that she be permitted to intervene under Federal Rule of Civil Procedure 24(b)(1)(B).

**CONCLUSION**

8

For the foregoing reasons, Hanna Bouveng asks that she be allowed to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b).


Dated: New York, New York
       December 11, 2015

                              **MORELLI LAW FIRM, PLLC**

                              By: /s/ Benedict P. Morelli_____
                              Benedict P. Morelli, Esq.
                              Perry S. Fallick, Esq.
                              777 Third Avenue, 31st Floor
                              New York, New York 10017
                              Tel: (212) 751-9800
                              Fax: (212) 751-0046

                              *Attorneys for Intervenor-Plaintiff*
                              *Hanna Bouveng*