UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| BENJAMIN WEY, NEW YORK GLOBAL GROUP, TIANYI WEI, MICHAELA WEY, ROBERT NEWMAN, WILLIAM UCHIMOTO, and SEREF DOGAN ERBEK, | : Civil Action No. 15-7116 (PKC)<br>: **ECF CASE** |
| Defendants, | : |
| and | : |
| ADVANTAGE CONSULTANTS, LTD., YORK CAPITAL MANAGEMENT, LTD., FOUR TONG INVESTMENTS, LTD., STRONG GROWTH CAPITAL, LTD., MEDIAN ASSETS INVESTMENTS, LTD., and HAN HUA, LTD., | : |
| Relief Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT WILLIAM UCHIMOTO'S MEMORANDUM OF LAW
IN OPPOSITION TO PROPOSED INTERVENOR PLAINTIFF
HANNA BOUVENG'S MOTION TO INTERVENE**

RICHARDS KIBBE & ORBE LLP
200 Liberty Street
New York, NY 10281-1003

*Attorneys for Defendant William Uchimoto*

Defendant William Uchimoto, through his counsel, Richards Kibbe & Orbe LLP, respectfully submits this memorandum in opposition to Proposed Intervenor Plaintiff Hanna Bouveng's Motion to Intervene (the "Motion to Intervene"). (ECF Nos. 29, 38, 47.) Ms. Bouveng has failed to establish a basis for intervention as of right or for permissive intervention under Fed. R. Civ. P. 24. The Motion to Intervene should be denied because the judgment remedies sought by Ms. Bouveng against Defendants Benjamin Wey and New York Global Group ("NYGG") cannot be satisfied out of any civil monetary penalties or disgorgement sought from Mr. Uchimoto, and Ms. Bouveng's intervention in this action will unnecessarily complicate this matter and prejudice Mr. Uchimoto's ability to defend himself.

## FACTUAL BACKGROUND

Defendant William Uchimoto, a former law partner at Buchanan Ingersoll & Rooney PC, was retained as counsel by SmartHeat, Inc. ("SmartHeat") and Deer Consumer Products, Inc. ("Deer"). (Amended Complaint, ECF No. 5 ("Compl.") ¶ 27.) On September 10, 2015, the SEC filed this action against Mr. Wey, NYGG, Mr. Uchimoto, and others alleging, *inter alia*, securities law violations in connection with the alleged manipulation of securities issued by SmartHeat, Deer and a third entity (the "SEC Action"). The SEC seeks from Mr. Uchimoto (i) civil monetary penalties and (ii) disgorgement of "all illegal profits obtained as a result of the[] fraudulent misconduct, acts, or courses of conduct described in this Complaint, and . . . prejudgment interest thereon." (Compl. Prayer For Relief ¶¶ C & D.)[1]

Entirely separate from this action, on July 9, 2015, Ms. Bouveng obtained a judgment against Mr. Wey and NYGG for $13,000,003 in compensatory and punitive damages arising out of her sexual harassment claims against Mr. Wey (the "Bouveng Action"). (*See* Complaint in

---

[1] Nothing in this memorandum shall be deemed an admission by Mr. Uchimoto of any of the SEC's allegations or claims against him. Mr. Uchimoto intends to contest the SEC Action.

Intervention, ECF No. 40 ("Intervenor Compl.") ¶¶ 1-6.)[2] On December 11, 2015, Ms. Bouveng filed the present Motion to Intervene. (ECF No. 29.)[3] She seeks to name Mr. Uchimoto as a defendant to her Intervenor Complaint "to the extent [he] may possess or control funds necessary to satisfy Hanna Bouveng's Judgment." (Intervenor Compl. ¶ 25.) Neither Ms. Bouveng nor the SEC has alleged that Mr. Uchimoto possesses or controls any of Mr. Wey's or NYGG's property.

## ARGUMENT

### I. Ms. Bouveng Is Not Entitled to Intervention As of Right.

To intervene as of right under Fed. R. Civ. P. 24(a)(2), Ms. Bouveng must: "(1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001). "[F]ailure to satisfy *any* one of these four requirements is a sufficient ground to deny the application." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (emphasis in original and citations omitted). An interest in the subject of an action is cognizable under Fed. R. Civ. P. 24(a)(2) only where it is "'direct, substantial, and legally protectable.'" *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001) (quoting *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a

---

[2] Ms. Bouveng's allegations are assumed to be true for the sole purpose of opposing Ms. Bouveng's Motion to Intervene. *See United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 413 (2d Cir. 2001).

[3] Upon order of the Court, Ms. Bouveng re-filed her Motion to Intervene on December 21, 2015 (ECF No. 38) and again on January 4, 2016 (ECF No. 47).

2

sequence of events before it becomes colorable, will not satisfy the rule." *Wash. Elec.*, 922 F.2d at 97.

The Motion to Intervene must be denied because Ms. Bouveng has failed to demonstrate a "direct, substantial, and legally protectable" interest in the SEC Action and, in particular, any remedies sought from Mr. Uchimoto. Any possible economic harm to Ms. Bouveng from the SEC Action is entirely contingent on the SEC obtaining a judgment against Mr. Wey and NYGG. Indeed, Ms. Bouveng's only present interest in the SEC Action is that of a judgment creditor seeking to collect an unrelated debt against Mr. Wey and NYGG. (Intervenor Compl. ¶ 14.) In seeking to intervene, she attempts to establish her priority over the SEC as to any assets owned by Mr. Wey and NYGG, should the SEC obtain a judgment against those defendants. (Proposed Intervenor Plaintiff Hanna Bouveng's Memorandum of Law In Support of Motion to Intervene, ECF No. 39-1, at 4.) But a judgment creditor's mere interest in collecting a judgment debt is insufficient for intervention unless that interest is related to the underlying subject matter of the action.[4] It goes without saying that the SEC's securities-law claims bear no relation to Ms. Bouveng's previously litigated sexual harassment claims against Mr. Wey and NYGG.

Further, Ms. Bouveng is not entitled to intervention as of right because she lacks any interest in the civil monetary penalties and disgorgement sought by the SEC from Mr. Uchimoto. First, Ms. Bouveng could never satisfy her judgment from any civil penalties obtained from Mr. Uchimoto. Second, the SEC's Amended Complaint contains no allegations that Mr. Uchimoto is

---

[4] *See Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009) (concluding that "a mere 'economic interest" is insufficient to intervene in a federal lawsuit) (citation omitted); *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 n.3 (9th Cir. 2004) ("A mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself."); *SEC v. Falor*, 270 F.R.D. 372, 377 (N.D. Ill. 2010) (judgment creditor of the defendant could not intervene as of right in the SEC's enforcement action where "her only interest in the case is as a judgment creditor looking to collect her debt"). *Cf. Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54, 55-56 (S.D.N.Y. 2013) (judgment creditors had a cognizable interest and were permitted to intervene where the underlying action was an asset turnover litigation by default judgment plaintiffs seeking to execute against defendant's assets).

in possession of any assets of Mr. Wey or NYGG against which Ms. Bouveng could enforce her judgment. Third, even if the SEC were to pursue disgorgement of legal fees Mr. Uchimoto's *law firm* received in connection with his representation of SmartHeat and Deer, any such fees would have been paid by those corporate clients, not by Mr. Wey or NYGG.

Ms. Bouveng also is not entitled to intervention as of right because she fails to establish how her interests will be impaired if she is denied intervention. *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001). She cannot collect her judgment out of any remedies the SEC seeks from Mr. Uchimoto. And Ms. Bouveng has many other avenues to enforce her judgment against Mr. Wey and NYGG.

## II.   The Court Should Not Grant Ms. Bouveng Permissive Intervention.

To be eligible for permissive intervention under Fed. R. Civ. P. 24(b), Ms. Bouveng must demonstrate "a claim or defense that shares with the main action a common question of law or fact," and intervention must not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b); *see SEC v. Bear Stearns & Co. Inc.*, Nos. 03 CV 2937–2945, 2003 WL 22000340, at *2 (S.D.N.Y. Aug. 25, 2003) ("[P]ermissive intervention will not be granted, even where there is a strong commonality of fact or law, where such intervention would cause undue delay, complexity or confusion in a case."). In determining whether to exercise discretion to allow permissive intervention, courts consider "substantially the same factors" as for intervention as of right. *"R" Best Produce, Inc. v. Shulman-Rabin Mktg., Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

Ms. Bouveng's motion for permissive intervention must be denied as well. The Intervenor Complaint contains no questions of law or fact in common with the SEC Action. Further, Mr. Uchimoto must devote the complete focus of his defense to correcting the erroneous allegations and misunderstandings relating to the securities claims he faces and to clearing his

4

good name. Ms. Bouveng's pursuit of assets held by Mr. Uchimoto's co-defendants will enlarge the scope, timing, and complexity of discovery that Mr. Uchimoto is forced to participate in, as well as the issues to be adjudicated at any subsequent trial. His defense against the SEC's claims can only be prejudiced if Ms. Bouveng is successful in injecting her collection action into this securities case.

## CONCLUSION

For the reasons set forth above, the Court should deny Proposed Intervenor Plaintiff Hanna Bouveng's Motion to Intervene.

Dated: January 11, 2016
   New York, New York

RICHARDS KIBBE & ORBE LLP

By: _____
   Daniel C. Zinman
   H. Rowan Gaither IV
   Margaret W. Meyers
   200 Liberty Street
   New York, NY  10281-1003

*Attorneys for Defendant William Uchimoto*

5