**SERCARZ & RIOPELLE, LLP**
810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019

1-212-586-4900
FACSIMILE 1-212-586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

ROBERT CALIENDO
GIULIANA E. GRAHAM

*ADMITTED IN NY & NJ

January 12, 2016

BY ECF

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: SEC v. Wey, et al.,
15 CV 7116 (PKC)

Dear Judge Castel:

    We represent Defendant Robert Newman ("Newman") in the above-referenced action. I write to respond to the motion of proposed intervenor Hanna Bouveng ("Bouveng") to intervene in this action, which was filed on December 11, 2015. (ECF Nos. 29, 38 and 47). Bouveng's motion is based on her unsatisfied judgment against Newman's co-defendants in this action, Benjamin Wey ("Wey") and New York Global Group ("NYGG"). In her motion, Bouveng seeks to intervene to protect her "ability to satisfy the judgment" she has against Wey and NYGG, "as the SEC is seeking a remedy that interferes with her lawful rights." (ECF 29-1, p. 4). For the following reasons, Mr. Newman opposes Bouveng's motion, and joins in the opposition to that motion which was filed by counsel to Defendant William Uchimoto ("Uchimoto"). (ECF No. 63).

    Newman is similarly situated to Uchimoto in this case. He has been sued by the Securities and Exchange Commission ("SEC") in connection with his participation in various securities transactions. In those transactions, Newman acted as the attorney for a series of companies located in China, and the SEC charges that the prices of the securities of these companies were manipulated. The SEC seeks from Newman – as it does from Uchimoto – disgorgement of the profits he obtained as a result of the transactions described in the Amended Complaint and monetary penalties, as well as an injunction prohibiting Newman from future violations of the securities laws. See Amended Complaint (ECF No. 5), at p. 45-46.

    Bouveng's motion fails to show that she has a "direct, substantial and legally protectable" interest in the SEC's action against Newman sufficient to justify her intervention in this lawsuit

1

SERCARZ & RIOPELLE, LLP

as a matter of right. See United States v. Peoples Benefit Life Ins. Co., 271 F.3d 411, 415 (2d Cir. 2001) (quoting Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990). Bouveng's action for sexual harassment has nothing whatever to do with the securities claims asserted by the SEC against Newman, and therefore, she has no interest in the civil monetary penalties and disgorgement the SEC seeks from Newman in this action. Moreover, no allegation in the Amended Complaint suggests that Newman is holding any assets of Mr. Wey or NYGG. So there is no way Bouveng could ever satisfy her judgment from Newman's assets, and there is no way Bouveng's ability to enforce her judgment against Wey and NYGG will be impaired by the SEC's action against Newman. In these circumstances, Bouveng has no right to intervene in this action, because she cannot show that she is "so situated that without intervention the disposition of the action [against Newman] may impair [her] interest." Fed. R. Civil Pro. 24(a)(2).

Nor does Bouveng's motion show that she has "a claim or defense that shares with the main action a common question of law or fact," such that she should be permitted to intervene in this action. See Fed. R. Civil Pro. 24(b). Bouveng's claims for sexual harassment, and the enforcement of her judgment against Wey and NYGG have nothing to do with the SEC's claims against Newman. There is no "common question of law or fact" in Bouveng's claims and the SEC's claims against Newman, and therefore, Bouveng's motion to intervene in this matter permissively in accordance with Fed. R. Civil Pro. 24(b) fails as well.

For these reasons, as well as those persuasively argued by Uchimoto in his Memorandum of Law (ECF No. 63), Bouveng's motion to intervene in this action should be denied in full. In the alternative, Bouveng's motion to intervene should be denied as to the SEC's action against Newman.

Respectfully submitted,

Roland G. Riopelle

Cc: All Counsel of Record (By ECF)