

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F STREET, N.E.
WASHINGTON, D.C. 20549-4631

Conference Adjourned
From: 2-23-16
To: April 29, 2016 at 12:30 pm.
SO ORDERED:
P/ KEVIN CASTEL, U.S.D.J.
Date: 2-3-16

**MEMO ENDORSED**

Derek S. Bentsen
Assistant Chief Litigation Counsel
Telephone: (202) 551-6426
Facsimile: (202) 772-9282
BentsenD@sec.gov

February 3, 2016

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-3-16

<u>Via ECF</u>

The Honorable P. Kevin Castel
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  *Securities and Exchange Commission v. Wey, et al.*, 15-cv-7116-PKC (SDNY)

Dear Judge Castel:

The U.S. Securities and Exchange Commission writes to respectfully request an additional adjournment of the Initial Pretrial Conference that is currently scheduled for February 23, 2015, at 11:00AM. The Commission believes an adjournment of approximately 60 days would conserve judicial resources and allow the Initial Pretrial Conference to be more effective as described below. This is the second request for an adjournment of the Initial Pretrial Conference

The Commission requested the first adjournment, in part, to allow for additional time to serve international defendants. That goal has been accomplished. Each defendant has been served; and service via the Hague Convention has been submitted to the relevant international authorities for the only operating relief defendant.

The other reason the Commission sought the first adjournment was to allow for further scheduling to take place in the parallel criminal action involving two of the defendants in this civil action. *See United States v. Wey & Erbek*, 15-cr-611-AJN (SDNY). Since the Commission's first request for an adjournment, Judge Nathan has set a "firm" trial date of March 6, 2017, with the trial expected to last four to six weeks. The Department of Justice ("DOJ") is expected to file a motion to intervene and stay certain aspects of discovery within the next two weeks. Additionally, it is the understanding of the undersigned that defendants Benjamin and Michaela Wey intend to move for a broader stay than DOJ is seeking. Based on the undersigned's discussion with defense counsel in this civil matter there is not currently a consensus as to the scope of an appropriate stay. As such, the Commission believes that motions practice will be necessary to resolve what, if any, stay the Court may ultimately impose in this matter.

The Honorable P. Kevin Castel
February 3, 2016
Page 2 of 2

Because a stay may be imposed and there is uncertainty as to the scope of any such stay, the Commission believes that it would conserve the resources of the Court and the parties to adjourn the Initial Pretrial Conference an additional 60 days. This will allow time for briefing and adjudication of DOJ and the Weys' anticipated motions (as well as resolution of Ms. Bouveng's motion to intervene in this matter). And once the scope of any stay is known, the parties can then effectively work on a Case Management Plan and Scheduling Order for submission to the Court.

No defense counsel object to this request to adjourn the Initial Pretrial Conference an additional 60 days.

Sincerely,

Derek S. Bentsen