# haynesboone

Direct Phone Number: (212) 659-4995
Direct Fax Number: (212) 884-8230
david.siegal@haynesboone.com

February 8, 2016

<u>Via ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *SEC v. Benjamin Wey, et al.*, 15-CV-7116 (PKC)

Dear Judge Castel:

      We represent defendants Benjamin Wey and Michaela Wey in the above-referenced action. We write to respectfully request (i) pursuant to Your Honor's Individual Rules of Practice, Section 4.A.1, permission to move for a stay of this action with respect to Mr. Wey and Mrs. Wey until the conclusion of the related criminal case, *United States v. Benjamin Wey, et al.*, 15-CR-0611 (AJN) (FM) (S.D.N.Y.) (the "Related Criminal Proceeding"); and (ii) an extension of the time by which Mr. Wey and Mrs. Wey must answer or otherwise respond to the Amended Complaint in this action, which is currently February 11, 2016, until twenty (20) days after an Order is entered on the Weys' motions for a stay. The initial pre-trial conference in this action is currently scheduled for April 29, 2016.

**A Stay Should Be Entered**

      Mr. Wey and Mrs. Wey request permission to move to stay the instant action as to them until the conclusion of the Related Criminal Proceeding. The potential unfair prejudice to Mr. and Mrs. Wey should they be required to litigate this action compels the conclusion that a stay is warranted.

      The Court should consider six factors in determining whether a stay is appropriate, each of which weighs in favor of granting the requested stay (see *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)):

1. **The extent to which the issues in the criminal case overlap with those presented in the civil case** – The "most important factor" for the Court to consider is whether there is an overlap of issues between this Securities and Exchange Commission (the "SEC") enforcement action and the Related Criminal Proceeding. *See Plumbers*, 886 F. Supp. at

Haynes and Boone, LLP
Attorneys and Counselors
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Phone: 212.659.7300
Fax: 212.918.8989
www.haynesboone.com

15583610_10

haynes*boone*

Hon. P. Kevin Castel
February 8, 2016
Page 2

1139. This factor weighs heavily in favor of granting a stay. The conduct at issue in the Related Criminal Proceeding is completely subsumed into the Amended Complaint – it appears that every allegation of the Indictment is either echoed or copied into this case. For example, claims in both actions arise from alleged violations of 15 U.S.C. §78(m)(d) and 17 C.F.R. § 240.13d-1 with respect to the same three stock issuers.

These proceedings are the result of a joint four-year investigation by the SEC and DOJ that culminated in the filing of the instant action and the unsealing of the indictment in the Related Criminal Proceeding on the same day. Indeed, the Indictment and the Amended Complaint allege the same general facts, and the press releases issued simultaneously by the SEC and the DOJ state that these are "parallel" actions pursuant to a joint investigation.[1] (*See* SEC press release at http://www.sec.gov/news/pressrelease/2015-189.html, annexed hereto as Exhibit A; DOJ press release at http://www.justice.gov/usao-sdny/pr/benjamin-wey-founder-and-president-new-york-global-group-arrested-and-charged-manhattan, annexed hereto as Exhibit B)

Given that these proceedings relate to the same conduct and legal issues, a stay is appropriate. *See SEC v. Boock*, 09-CV-8261, 2010 U.S. Dist. LEXIS 59481, at *6 (S.D.N.Y. June 15, 2010) (stay granted where SEC enforcement action and parallel criminal proceeding were "both securities fraud schemes. In addition, both sets of schemes are premised on the improper hijacking of defunct or dormant companies, share overlapping time frames, and name an identical targeted company").

2. **The status of the case** – Courts often grant stays in parallel SEC enforcement actions "even where an indictment has not yet been returned." *SEC v. One or More Unknown Purchasers of Secs. Of Global Indus., Ltd.*, 11-CV-6500, 2012 U.S. Dist. LEXIS 162772 at *8 (S.D.N.Y. Nov. 9, 2012). Here, not only has an indictment already been returned,[2] but the trial date in the Related Criminal Proceeding has already been set for March 6, 2017. *See United States v. Benjamin Wey, et al.*, 15-CR-0611 (Doc. No. 1), at pp. 11-12 (S.D.N.Y. Sept. 10, 2016), annexed hereto as Exhibit C.

---

[1] While the indictment in the Related Criminal Proceeding lacks significant factual specificity, and the Amended Complaint relies largely on conclusory allegations and factual assertions lacking specificity, nevertheless, there can be no argument that the issues in these actions are not overlapping, if not virtually identical.

[2] Further, the U.S. Attorney's statement that the investigation is ongoing gives reason to believe that additional criminal charges are possible. (*See* DOJ press release, *supra*.)

15583610_10

**haynes**boone

Hon. P. Kevin Castel
February 8, 2016
Page 3

3. **The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to plaintiff caused by the delay** – The SEC's interest in proceeding is not outweighed by any prejudice that might be caused by a stay. The SEC has already informed us that it will not object to a stay. Further, the U.S. Attorney's Office is expected to move for a stay of at least a part of this case. Indeed, courts often grant stays in companion SEC enforcement action *over the defendants' objections. See, e.g., One or More Unknown Purchasers of Secs. Of Global Indus., Ltd.*, 2012 U.S. Dist. LEXIS 162772 at *8. Here, with Mr. and Mrs. Wey and the government both requesting a stay of these proceedings, there is no question that the parties' and public interest weigh heavily in favor of granting the stay.

4. **The private interests of and burden on the defendants** – Requiring the Weys to answer or participate in discovery would be unfairly prejudicial to them because they would face the unenviable choice of either invoking their Fifth Amendment rights and thereby facing the real possibility of being subject to an adverse inference, or alternatively, having to provide substantive responses to the Amended Complaint's allegations and discovery requests, which could prejudice their efforts to defend the Related Criminal Proceeding. *See* Fed. R. Civ. P. 8(b)(3), 26, 33, 34; *see also Boock*, 2010 U.S. Dist. LEXIS 59481, at *6 ("In the absence of a stay, an adverse inference may very well be drawn against the defendants in this civil action if the pendency of the criminal prosecution prompts them to invoke their Fifth Amendment privilege."). In addition, proceeding with this action would unfairly require the Weys to expend limited resources fighting two cases at once against the same government's dual-headed enforcement team.

For these reasons, courts in this Circuit frequently grant stays of SEC enforcement proceedings while related criminal proceedings are pending. For example, in *SEC v. Syndicated Food Serv. Int'l*, Judge Garaufis granted a stay of the entire SEC enforcement action including a stay of the defendants' answer, because if "the defendants were required to answer the complaint, the USAO would be able to obtain statements of legal consequence or admissions since the causes of action set forth in the complaint are similar to the allegations in the criminal indictment." 04-CV-1303, 2004 U.S. Dist. LEXIS 31717, at *14-17 (E.D.N.Y. Aug. 19, 2004); *see also SEC v. Cope*, 14-CV-07575 (Doc. No. 220) (S.D.N.Y. January 19, 2016) (staying an SEC enforcement action pre-answer, pending the outcome of a related criminal case); *Boock*, 2010 U.S. Dist. LEXIS 59481 at *6-7.

5. **The interests of the courts** – The Court has an interest in the efficient resolution of cases before it. Staying this civil enforcement action will prevent needlessly duplicative

15583610_10

haynes*boone*

Hon. P. Kevin Castel
February 8, 2016
Page 4

litigation, which may otherwise be narrowed or resolved though the litigation in the Related Criminal Proceeding. *See Boock*, 2010 U.S. Dist. LEXIS 59481, at *5-6 (stay granted in parallel SEC enforcement action because, "the delay of this litigation for approximately a year is warranted").

6. **The public interest** – Courts find that the public interest is better served by allowing a criminal prosecution to proceed without the impediment of discovery obligations in a parallel civil enforcement action. *See Global Indus., Ltd.*, 2012 U.S. Dist. LEXIS 162772, at *16-17 ("absent a stay, the Criminal Case risks exposure to those specific concerns against which the restrictions on criminal discovery are intended to guard").

Accordingly, every factor of the *Plumbers* test weighs in favor of granting a stay as to Mr. and Mrs. Wey

**Extension of Time to Answer**

Pending Your Honor's determination of the Weys' stay request, the Weys respectfully request an extension of their time to respond until twenty (20) days after Your Honor rules on their stay request. (Of course, should the Court grant the Weys' stay application outlined herein, the Weys' time to respond to the Amended Complaint would be postponed until after the conclusion of the Related Criminal Proceeding.) The Weys' response to the Amended Complaint is currently due February 11, 2016 (Doc. No. 53). I have spoken with counsel for the SEC, who informed me that the SEC has no objection to this extension request. One prior extension of the Weys' time to answer has been previously granted.

Based on the foregoing, a stay of this action against Mr. and Mrs. Wey is appropriate, and the time for the Weys to respond to the Amended Complaint should be extended until the Court renders a decision on their request for a stay.

Respectfully submitted,

David Siegal

cc:    Counsel of record (via ECF)

15583610_10