UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br>          v.<br><br>BENJAMIN WEY, NEW YORK GLOBAL GROUP, TIANYI WEI, MICHAELA WEY, ROBERT NEWMAN, WILLIAM UCHIMOTO, and SEREF DOGAN ERBEK,<br><br>                    Defendants,<br><br>ADVANTAGE CONSULTANTS, LTD., YORK CAPITAL MANAGEMENT, LTD., FOUR TONG INVESTMENTS, LTD., STRONG GROWTH INVESTMENTS, LTD., MEDIAN ASSETS INVESTMENTS, LTD., and HAN HUA, LTD.,<br><br>                    Relief Defendants. | Civ. Action No.: 15-7116 (PKC) |

**MEMORANDUM OF LAW OF DEFENDANTS BENJAMIN AND
MICHAELA WEY IN SUPPORT OF THEIR MOTION FOR A STAY OF
<u>THIS CASE PENDING THE RESOLUTION OF THE RELATED CRIMINAL CASE</u>**

15611056_12

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ........................................................................................................................................ 2

I.   APPLICABLE LEGAL STANDARD ....................................................................................... 2

II.  A STAY OF THIS ACTION PENDING THE CONCLUSION OF THE
     CRIMINAL CASE IS APPROPRIATE ..................................................................................... 3

     A.   The Issues in the Criminal Case Are Virtually Identical to Those in This
          Action ................................................................................................................................ 3

     B.   The Indictment Has Already Been Returned and a Trial Date Has Been
          Set ...................................................................................................................................... 5

     C.   The Does Not Object to a Stay ......................................................................................... 5

     D.   Proceeding With This Case Now Would Impose a Substantial Burden and
          Prejudice Upon the Weys .................................................................................................. 6

     E.   A Stay Is in the Court's Interest of an Efficient Adjudication of This
          Action ................................................................................................................................ 7

     F.   The Public Interest Is Served by Allowing the Criminal Case to Continue
          Unimpeded by Civil Enforcement Obligations ............................................................... 7

CONCLUSION .................................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*SEC v. Boock*,
   09-CV-8261, 2010 U.S. Dist. LEXIS 59481 (S.D.N.Y. June 15, 2010) ........................3, 5, 6, 7

*SEC v. Cope*,
   14-CV-07575 (S.D.N.Y. Jan. 19, 2016) ...............................................................................3, 7

*SEC v. Dresser Indus., Inc.*,
   628 F.2d 1368 (D.C. Cir. 1980) .................................................................................................3

*SEC v. McGinnis*,
   14-CV-6, 2016 U.S. Dist. LEXIS 17366 (D. Vt. Feb. 12, 2016) ................................................3

*SEC v. One or More Unknown Purchasers of Secs. of Global Indus., Ltd.*,
   11-CV-6500, 2012 U.S. Dist. LEXIS 162772 (S.D.N.Y. Nov. 9, 2012) .....................3, 5, 6, 7

*SEC v. Syndicated Food Serv. Int'l*,
   04 Civ. 1303, 2004 U.S. Dist. LEXIS 31717 (E.D.N.Y. Aug. 26, 2004) ...........................3, 5, 7

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*,
   886 F. Supp. 1134 (S.D.N.Y. 1995) ................................................................................. passim

**Statutes, Rules, and Other Sources**

U.S. Const. amend. V ..................................................................................................................1, 3, 6

Fed. R. Civ. P. 8(b)(3) .......................................................................................................................6

Fed. R. Civ. P. 26 ..............................................................................................................................6

Fed. R. Civ. P. 33 ..............................................................................................................................6

Fed. R. Civ. P. 34 ..............................................................................................................................6

Defendants Benjamin Wey and Michaela Wey (collectively, the "Weys") submit this memorandum of law in support of their motion to stay this action, at least with respect to themselves,[1] until after the resolution of the related criminal case, *United States v. Benjamin Wey, et al.*, 15-CR-0611 (AJN) (FM) (S.D.N.Y.) (the "Criminal Case").

## PRELIMINARY STATEMENT

The Court should stay the instant Securities and Exchange Commission (the "SEC") civil enforcement action, at least as to the Weys, because they will be unfairly prejudiced if required to defend this case during the pendency of the Criminal Case. The two cases, filed simultaneously in the same courthouse, are the result of a more than five year joint investigation conducted by the Department of Justice ("DOJ") and the SEC. The SEC's Amended Complaint concerns essentially the same conduct alleged in the Indictment in the Criminal Case, and will undoubtedly involve the same evidence and witnesses. Compelling the Weys to proceed here and in the Criminal Case concurrently would unjustly expose them to various forms of prejudice and unfair risk, of constitutional scope. Among other things, the Weys would be forced to choose between abandoning their Fifth Amendment rights against self-incrimination or asserting those rights and thereby risking potentially debilitating adverse inferences in this case. They would be forced to expend significant resources defending the same charges against the same U.S. Government (whose resources are effectively unlimited) in two venues simultaneously, which would undoubtedly hinder their ability to properly defend either action. And they would be required to reveal important aspects of their criminal defense strategy, which the criminal discovery rules are designed to protect.

---

[1] The Weys take no position as to whether, or to what extent, a stay should be granted with respect to other defendants in this case.

Further, granting a stay serves the Court's interests of efficiency. Judge Nathan has set a firm trial date of March 6, 2017, in the Criminal Case, and the resolution of that case will in all likelihood dispose of many of the legal and factual issues this Court will face.

For these reasons, it is well-settled in this Circuit that a criminal defendant (or an individual under real threat of criminal indictment) will generally not be required to litigate an SEC civil enforcement action until the conclusion of the criminal proceeding.

## ARGUMENT

### I.

### APPLICABLE LEGAL STANDARD

Courts consider six factors in determining whether a stay of a civil action is appropriate pending the resolution of a criminal proceeding:

> (i) the extent to which the issues in the criminal case overlap with those presented in the civil case;
>
> (ii) the status of the case, including whether the defendants have been indicted;
>
> (iii) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;
>
> (iv) the private interests of and burden on the defendants;
>
> (v) the interests of the courts; and
>
> (vi) the public interest.

*See Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

## II.

## A STAY OF THIS ACTION PENDING THE CONCLUSION OF THE CRIMINAL CASE IS APPROPRIATE

Each of the *Plumbers* factors weighs in favor of granting a stay in this case.  Courts in this Circuit routinely grant stays under similar circumstances.  *See, e.g.*, *SEC v. Cope*, 14-CV-07575 (Doc. No. 220) (S.D.N.Y. Jan. 19, 2016) (staying an SEC enforcement action pre-answer, pending the outcome of a related criminal case); *SEC v. One or More Unknown Purchasers of Secs. of Global Indus., Ltd.*, 11-CV-6500, 2012 U.S. Dist. LEXIS 162772 at *8 (S.D.N.Y. Nov. 9, 2012) (staying SEC civil enforcement action while grand jury investigates whether to indict); *SEC v. Boock*, 09-CV-8261, 2010 U.S. Dist. LEXIS 59481, at *6 (S.D.N.Y. June 15, 2010) (granting stay as to two indicted defendants during pendency of criminal proceedings); *SEC v. Syndicated Food Serv. Int'l*, 04 Civ. 1303, 2004 U.S. Dist. LEXIS 31717 (E.D.N.Y. Aug. 26, 2004) (staying entire parallel civil enforcement action over the objection of an unindicted defendant); *SEC v. McGinnis*, 14-CV-6, 2016 U.S. Dist. LEXIS 17366, at *13-16 (D. Vt. Feb. 12, 2016) (SEC civil enforcement action stayed, because deferring resolution of this case "makes efficient use of judicial time and resources by [e]nsuring that. . . subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination" and  absent a stay the defense "may reveal their defense strategies to the DOJ") (alterations in original) (internal quotation marks omitted); *SEC  v. Dresser Indus., Inc*. 628 F.2d 1368, 1375 (D.C. Cir.) (*en banc*), *cert. denied*, 449 U.S. 993 (1980)).

**A.**     **The Issues in the Criminal Case Are Virtually Identical to Those in This Action**

The "most important factor" for the Court to consider is whether there is an overlap of issues between this SEC enforcement action and the Criminal Case.  *See Plumbers*, 886 F. Supp. at 1139.  The Court's concern should be whether the defendants' Fifth Amendment rights against

self-incrimination are implicated. *Id*. at 1139. This factor weighs heavily in favor of granting a stay.

These proceedings are the result of a more than five year joint investigation by the SEC and DOJ that culminated in the filing of the instant action and the unsealing of the indictment in the Criminal Case on the same day. Indeed, the Indictment and the Amended Complaint allege the same general purported facts, and the colorful press releases issued simultaneously by the SEC and the DOJ state that these are "parallel" actions pursuant to a joint investigation. (*See* Declaration of David Siegal in Support of Defendants Benjamin Wey and Michaela Wey's Motion for a Stay of This Case Pending the Resolution of the Related Criminal Case, dated February 26, 2016 ("Siegal Decl."), Ex. A ("charges against a Wall Street CEO"), Ex. B)

The factual overlap between the two cases cannot be seriously disputed. The conduct alleged in the Indictment appears to be completely subsumed into the Amended Complaint – it appears that every allegation of the Indictment is either echoed or copied into this case.[2] (Siegal Decl., Ex. C, Ex. D) For example:

- Claim in both cases relate to stock from the same three issuers. (Siegal Decl., Ex. C at ¶ 1, Ex. D at ¶¶ 4-6)

- Claims in both cases arise from alleged violations of 15 U.S.C. §78(m)(d) and 17 C.F.R. § 240.13d-1 relating to Mr. Wey's alleged stock ownership in the same three issuers. (Siegal Decl., Ex. C at ¶¶ 142-149, Ex. D at ¶¶ 33-34)

- Both cases involve an alleged 1,000 share trade in CleanTech on the same date. (Siegal Decl., Ex. C at ¶ 99, Ex. D at ¶ 19)

- Both cases involve the same allegations of false statements to NASDAQ, by an issuer's lawyer, regarding the number of round-lot shareholders of stock. (Siegal Decl., Ex. C at ¶¶ 83-90, Ex. D at ¶¶ 16-17)

---

[2] While the indictment in the Criminal Case lacks significant factual specificity, and the Amended Complaint relies largely on conclusory allegations and factual assertions lacking specificity, nevertheless, there is no dispute that the issues in these actions are overlapping, if not virtually identical.

Given that these proceedings relate to the same conduct and legal issues, a stay is appropriate. *See Boock*, 2010 U.S. Dist. LEXIS 59481, at *5 (Stay granted where SEC enforcement action and parallel criminal proceeding were "both securities fraud schemes. In addition, both sets of schemes are premised on the improper hijacking of defunct or dormant companies, share overlapping time frames, and name an identical targeted company.").

**B.    The Indictment Has Already Been Returned and a Trial Date Has Been Set**

A stay should be granted where criminal charges are either filed or seriously threatened. Indeed, the law provides for courts to grant stays in parallel SEC enforcement actions "even where an indictment has not yet been returned." *Global Indus., Ltd.*, 2012 U.S. Dist. LEXIS 162772 at *8 (SEC action stayed even where Government averred it would be six months before a decision whether to indict would be made). Here, the threat of criminal exposure has been fully crystallized: an indictment has already been returned,[3] and a trial date set for March 6, 2017. (Siegal Decl., Ex. E)

**C.    The SEC Does Not Object to a Stay**

The SEC's interest in proceeding is not outweighed by any prejudice that might be caused by a stay. The SEC is not expected to object to this stay. *See Global Indus., Ltd.*, 2012 U.S. Dist. LEXIS 162772 at *8; *see also Syndicated Food Serv. Int'l*, 2004 U.S. Dist. LEXIS 31717, at *12 ("a stay of discovery would not prejudice the plaintiffs in the civil case, as evidenced by the fact that the SEC does not oppose the [stay motion]"). Further, the U.S. Attorney's Office is expected to move for a stay of at least a part of this case. (Doc. No. 70 at p. 1)  Indeed, courts often grant stays in companion SEC enforcement action over the defendants'

---

[3]   Further, the U.S. Attorney's statement that the investigation is ongoing gives reason to believe that additional criminal charges are possible.  (*See* Siegal Decl., Ex. B)

objections.  *See, e.g., Global Indus., Ltd.*, 2012 U.S. Dist. LEXIS 162772 at *8.  Here, with Mr. and Mrs. Wey and the government both requesting a stay of these proceedings, there is no question that the parties' and public interest weigh heavily in favor of granting the stay.

### D. Proceeding With This Case Now Would Impose a Substantial Burden and Prejudice Upon the Weys

Requiring the Weys to answer or participate in discovery would be unfairly prejudicial to them because they would face the unenviable choice of either invoking their Fifth Amendment rights and thereby facing the real possibility of being subject to an adverse inference, or alternatively, providing substantive responses to the Amended Complaint's allegations and discovery requests, which could prejudice their efforts to defend the Criminal Case.  *See* Fed. R. Civ. P. 8(b)(3), 26, 33, 34; *see also Boock*, 2010 U.S. Dist. LEXIS 59481, at *6 ("In the absence of a stay, an adverse inference may very well be drawn against the defendants in this civil action if the pendency of the criminal prosecution prompts them to invoke their Fifth Amendment privilege.").  In addition, proceeding with this action would unfairly require the Weys to expend limited resources fighting two cases at once against the same government's two-headed enforcement team.

In *Plumbers*, the Court identified a host of prejudices that befall the target of criminal investigation should he be forced to proceed with a related civil case:

> Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case.

*Plumbers*, 886 F. Supp. 1138.

For these reasons, courts in this Circuit frequently grant stays of SEC enforcement proceedings while related criminal proceedings are pending.  For example, in *SEC v. Syndicated Food Serv. Int'l*, Judge Garaufis granted a stay of the entire SEC enforcement action including a stay of the defendants' answer, because if "the defendants were required to answer the complaint, the USAO would be able to obtain statements of legal consequence or admissions since the causes of action set forth in the complaint are similar to the allegations in the criminal indictment."  2004 U.S. Dist. LEXIS 31717, at *14-17; *see also SEC v. Cope*, 14-CV-07575 (Doc. No. 220) (S.D.N.Y. Jan. 19, 2016) (pre-answer stay granted during pendency of criminal action).

E.     **A Stay Is in the Court's Interest of an Efficient Adjudication of This Action**

The Court has an interest in the efficient resolution of cases before it.  Staying this civil enforcement action will prevent needlessly duplicative litigation, which may otherwise be narrowed or resolved though the litigation in the Criminal Case.  *See Boock*, 2010 U.S. Dist. LEXIS 59481, at *5-6; *Plumbers*, 886 F. Supp. at 1140 ("resolution of the criminal case may increase the possibility of settlement of the civil case due to the high standard of proof required in a criminal prosecution").

F.     **The Public Interest Is Served by Allowing the Criminal Case to Continue Unimpeded by Civil Enforcement Obligations**

The public interest is served by allowing a criminal prosecution to proceed without the impediment of discovery obligations in a parallel civil enforcement action.  *See Global Indus., Ltd.*, 2012 U.S. Dist. LEXIS 162772, at *16-17 ("absent a stay, the Criminal Case risks exposure to those specific concerns against which the restrictions on criminal discovery are intended to guard. . . ").

## **CONCLUSION**

Based on the foregoing, the Weys respectfully request that this Court grant a complete stay of this action, at least with respect to themselves, until the conclusion of the Criminal Case.

Dated:  February 26, 2016

                            HAYNES AND BOONE, LLP
                            *Counsel to Defendants Benjamin Wey and Michaela Wey*

                            By:   s/David Siegal
                                 David Siegal
                                 Joseph Lawlor
                                 30 Rockefeller Plaza, 26th Floor
                                 New York, New York 10112
                                 (212) 659-4995
                                 david.siegal@haynesboone.com