Case 1:15-cv-07116-PKC   Document 86   Filed 03/08/16   Page 1 of 6



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2016

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl Street, Chambers 1020
New York, New York 10007

                Re:    <u>SEC v. Wey et al.</u>,
                      15 Civ. 7116 (PKC)

Dear Judge Castel:

       The Government writes to respectfully request permission to move to intervene and for a limited stay of this action. Specifically, the Government intends to move to stay depositions, interrogatories, requests for admission, and production of transcripts of testimony before the U.S. Securities and Exchange Commission ("SEC") and notes of interviews with, and any form of discovery that would create statements of, any person whom the Government asserts may be called as a witness in the criminal prosecution of Benjamin Wey and Seref Dogan Erbek, <u>United States v. Wey & Erbek</u>, 15 Cr. 611 (AJN) (the "criminal action"), until the conclusion of the criminal action. Trial in the criminal action is currently scheduled for March 6, 2017.

       If full-fledged civil discovery were to proceed at this time, there would be a risk of significant interference with the criminal action. On the other hand, a stay of (1) depositions, (2) interrogatories, (3) requests for admission, and (4) production of transcripts of SEC testimony and notes of interviews with, and any form of discovery that would create statements of, any person whom the Government asserts may be called as a witness in the criminal action (the "3500 Material") would prejudice none of the parties to this civil action. Moreover, the requested stay would preserve the Court's resources because many of the issues presented by the civil action will be resolved in the criminal action.

       This case, and the parallel criminal action, arise out of the same underlying events, which are detailed in Indictment 15 Cr. 611 (AJN) (the "Indictment"), and also are reflected in the SEC's Amended Complaint in this civil action (the "SEC Complaint").

A.      Intervention

Under Federal Rule of Civil Procedure Rule 24(a)(2), anyone may intervene as of right in an action "who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . ." Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government's motion would satisfy both of these provisions given the effect this civil proceeding would have on the criminal action and the identity of claims and facts between the actions.

Courts "have allowed the government to intervene in civil actions—especially when the government wishes to do so for the limited purpose of moving to stay discovery." Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); see also SEC v. Credit Bancorp., 297 F.3d 127, 130 (2d Cir. 2002). The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988). Accordingly, the Government should be permitted to intervene here.

B.      Motion for a Limited Stay

The Court has the inherent power to stay discovery in the interests of justice pending the completion of a parallel criminal trial. See, e.g., Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96-97 (2d Cir. 2012); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." (ellipses and quotation marks omitted)).

When considering whether to grant a stay, courts balance the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Louis Vuitton, 676 F.3d at 99 (quotation marks omitted). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." Volmar Distrib., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). But the factors "can do no more than act as a rough guide for the district court as it exercises its discretion" and do not replace the Court's "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." Louis Vuitton, 676 F.3d at 99. The Court's "decision ultimately requires and

must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case." Id. (quotation marks omitted).

Here, the circumstances weigh in favor of the limited stay sought by the Government.

1.   The Extent of Overlap

"'The most important factor at the threshold is the first factor: the degree to which the civil issues overlap with the criminal issues.'" In re 650 Fifth Ave., No. 08 Civ. 10934 (RJH), 2011 WL 3586169, at *3 (S.D.N.Y. 2011) (quoting Volmar Distrib., 152 F.R.D. at 39) (quotation marks omitted).

> As a general rule, when both civil and criminal proceedings arise out of the same or related transactions, the government is entitled to a stay of all discovery in the civil action until disposition of the criminal matter. This principle applies "whether or not the litigant is actually a defendant in the parallel criminal case."

City of New York v. Gutlove & Shirvint, Inc., No. 08 Civ. 1372 (CBA) (JMA), 2008 WL 4862697, at *2 (E.D.N.Y. Nov. 10, 2008) (citations omitted) (quoting FDIC v. Chuang, No. 85 Civ. 7468 (SWK), 1986 WL 3518, at *1 (S.D.N.Y. Mar. 17, 2986)); see also United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("The parties apparently agree that where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter.").

A comparison of the Indictment and SEC Complaint makes plain—and Wey agrees (Wey Mem. Law Support Mtn. Stay at 3-5)—that the facts and issues underlying this proceeding and the criminal action are thoroughly related. This factor therefore weighs heavily in favor of a stay.

2.   Status of the Criminal Case

The return of the Indictment in the criminal action is also a factor that weighs in favor of a stay. "The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." In re Par Pharm., Inc. Sec. Regulation, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). This factor "speaks to whether a prosecution is likely and imminent as opposed to a remote or purely hypothetical possibility." Louis Vuitton, 676 F.3d at 100 n.14. As mentioned above, trial against Wey is scheduled for March 2017, and therefore this factor also weighs in favor of a stay.

3.   Prejudice to the Parties

Minimal prejudice to the parties will result from the very limited stay requested by the Government. The Government seeks to stay only depositions, interrogatories, requests for admission, and the above-referenced 3500 Material. No other discovery will be impacted.

In addition, there is currently no trial date in place in this matter, so there will be no undue delay in the proceedings as a result of the limited stay. Therefore, as no significant prejudice to the plaintiffs is likely, this factor is at worst neutral, and at best counsels in favor of a stay.

  4.  <u>The Public Interest</u>

> [T]he public interest in the criminal case is entitled to precedence over the civil litigant: "a trial judge should give substantial weight to the public interest in law enforcement in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities."

<u>In re Ivan F. Boesky Sec. Litig.</u>, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) (alteration omitted) (quoting <u>Campbell v. Eastland</u>, 307 F.2d 478, 487 (5th Cir. 1963)).

  The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery. Federal Rule of Criminal Procedure 16 and 18 U.S.C. § 3500 provide that in criminal cases, the statements of Government witnesses shall not be the subject of discovery "until said witness has testified on direct examination" at trial. 18 U.S.C. § 3500(a). Thus, in the criminal action, Wey and Erbek would not be entitled to the balance of discovery that the Government would move to stay until (or shortly before) trial.

  Courts repeatedly have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to a criminal defendant. E.g., <u>SEC v. Beacon Hill Asset Mgmt. LLC</u>, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (granting stay and noting, "The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases."); <u>Phillip Morris Inc. v. Heinrich</u>, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (granting stay because of government's justification that if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); <u>Bd. of Governors v. Pharaon</u>, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("'A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial.'" (quoting <u>Campbell v. Eastland</u>, 307 F.2d 478, 487 (5th Cir. 1952))).

  If Wey and Erbek are able to use civil discovery to end-run criminal discovery restrictions, it would allow them to inappropriately and unfairly tailor their defense to the Government's proof. See <u>Louis Vuitton</u>, 676 F.3d at 97 n.11 ("[A] district court may issue one [i.e., a stay] in a civil proceeding in deference to a parallel criminal proceeding in order to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." (quotation marks omitted)).

Hon. P. Kevin Castel
Mar. 8, 2016
Page 5 of 6

Wey and Erbek, "having received broader and earlier discovery in the civil case," would be "in a position to tailor a defense to unreasonably take advantage of that opportunity," such as "illegitimately rais[ing] issues and questions about the nature of the testimony where they would not have the ability and the advantage of doing that, had they received discovery simply in the criminal case," Tr. of Apr. 10, 2014 Conference at 41, SEC v. Martin-Artajo & Grout, 13 Civ. 5677 (GBD) (Court's remarks). The Government has an interest in not giving

> the defendant in a criminal prosecution such an advantage, particularly if there is a possibility that that advantage might be an illegitimate advantage under which the defendant might make the government's case and witnesses now appear to be less credible, reliable, and accurate, because they've had an early opportunity to cross-examine and/or discover prior statements of the witness where they would not have that advantage if there had not been a civil case.

Id. at 41-42; cf. id. at 61 ("But I also understand the interest that the government has equally to not disclose [at] an early stage or prior to even engaging in activity in the criminal case information that is the essence of the criminal case against the defendants in . . . a civil action.").

Therefore, in order to avoid circumvention of the criminal discovery restrictions, this factor weighs in favor of a stay.

### 5. The Interests of the Court

Considerations of judicial economy also weigh in favor of granting a stay. Certain issues common to both cases can be resolved in the criminal proceeding, thereby likely significantly simplifying the civil action. See In re Worldcom, Inc. Sec. Litig., Nos. 02 Civ. 3288 (DLC), 02 Civ. 4816 (DLC), 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002) ("The conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges."); United States v. Mellon Bank, N.A., 545 F.2d 869, 873 (3d Cir. 1976) ("[R]esolution of the criminal case may moot, clarify, or otherwise affect various contentions in the civil case."); Brock v. Tolkow, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) ("[R]esolution of the criminal case might reduce the scope of discovery in the civil case and otherwise simplify the issues.").

In addition, "the stay in this action may streamline later civil discovery since transcripts from the criminal case will be available to the civil parties." Twenty First Century Corp., 801 F. Supp. at 1011. And a conviction in the criminal action could increase the likelihood of a settlement here. See Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995).

Because the criminal case's outcome could directly affect the conduct, scope, and result of the civil proceeding, this factor also supports a stay.

Hon. P. Kevin Castel
Mar. 8, 2016
Page 6 of 6

      For all of the foregoing reasons, the Government respectfully requests permission to move to intervene and for a limited stay of this action.

                                            Respectfully submitted,

                                            PREET BHARARA
                                            United States Attorney

                         By:     <u>/s/ Michael Ferrara</u>
                                Sarah Eddy McCallum
                                Ian McGinley
                                Michael Ferrara
                                Assistant U.S. Attorneys
                                212-637-1033 /-2257 / -2526

Cc:    Derek S. Bentsen, Esq.
        David Siegal, Esq.
        Roland G. Riopelle, Esq.
        Daniel C. Zinman, Esq.
        Marc Litt, Esq.