UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 15-7116 (PKC) |
| BENJAMIN WEY, NEW YORK GLOBAL GROUP, TIANYI WEI, MICHAELA WEY, ROBERT NEWMAN, WILLIAM UCHIMOTO, and SEREF DOGAN ERBEK, | ECF CASE |
| Defendants, | |
| and | |
| ADVANTAGE CONSULTANTS, LTD., YORK CAPITAL MANAGEMENT, LTD., FOUR TONG INVESTMENTS, LTD., STRONG GROWTH CAPITAL, LTD., MEDIAN ASSETS INVESTMENTS, LTD., and HAN HUA, LTD., | |
| Relief Defendants. | |

**DEFENDANT WILLIAM UCHIMOTO'S OMNIBUS MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS BENJAMIN AND MICHAELA WEY'S MOTION TO STAY AND IN RESPONSE TO THE GOVERNMENT'S REQUEST FOR PERMISSION TO INTERVENE AND FOR A LIMITED STAY OF THE ACTION**

RICHARDS KIBBE & ORBE LLP
200 Liberty Street
New York, NY 10281-1003

*Attorneys for Defendant William Uchimoto*

March 11, 2016

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

FACTS RELEVANT TO MR. UCHIMOTO'S RESPONSE ...................................................... 2

ARGUMENT ............................................................................................................................. 3

    I.    The Court Should Permit The SEC Action To Proceed. .......................................... 4

        A.    The Issues In The SEC Action And The Criminal Case Do Not Overlap Significantly As To Mr. Uchimoto. ................................................. 4

        B.    Further Delay In The SEC Action Would Prejudice Mr. Uchimoto ............ 5

        C.    The Court's Interest In An Efficient Adjudication Of The SEC Action Will Be Served By Allowing Mr. Uchimoto To Begin Preparing A Defense Pending Resolution Of The Criminal Case. ................................... 6

    II.    The Court Should Fashion A Reasonable And Measured Stay That Allows Dispositive Briefing, Initial Interrogatories, Document Discovery, And Non-Party Depositions to Proceed. .................................................................................... 7

        A.    The Court Should Permit Dispositive Motion Practice. .............................. 7

        B.    The Court Should Permit Interrogatories Served Pursuant To Local Civil Rule 33.3(a) ........................................................................................ 8

        C.    The Court Should Permit Document Discovery Other Than From The Weys. ........................................................................................................... 8

        D.    The Court Should Permit Non-Party Deposition Discovery ..................... 10

        E.    Staying Requests For Admission Would Be Premature. ........................... 11

CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Gabelli v. SEC,*
 133 S. Ct. 1216 (2013) ............................................................................................................3

*Langer v. Monarch Life Ins. Co.,*
 966 F.2d 786 (3d Cir. 1992) ..................................................................................................11

*Louis Vuitton Malletier S.A. v. LY USA, Inc.,*
 676 F.3d 83 (2d Cir. 2012) ........................................................................................... 4 & n.4

*SEC v. Cioffi,*
 No. 08-cv-2457 (FB) (VVP), 2008 WL 4693320 (E.D.N.Y. Oct. 23, 2008) .....................9, 10

*SEC v. Jenkins,*
 No. 09-cv-1510 (PHX) (GMS), 2011 WL 221696 (D. Ariz. Jan. 21, 2011) ...........................5

*SEC v. Jones,*
 No. 04-cv-4385 (RWS), 2005 WL 2837462 (S.D.N.Y. Oct. 28, 2005) ................................4, 5

*SEC v. Mazzo,*
 No. 12-cv-1327 (DOC) (AMX), 2013 WL 812503 (C.D. Cal. Feb. 25, 2013) ........................5

*SEC v. Saad,*
 229 F.R.D. 90 (S.D.N.Y. 2005) ..........................................................................................9, 10

*SEC v. Treadway,*
 No. 04-cv-3464 (VM) (JCF), 2005 WL 713826 (S.D.N.Y. Mar. 30, 2005) .............................5

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,*
 886 F. Supp. 1134 (S.D.N.Y. 1995) .........................................................................................4

**RULES**

Fed. R. Civ. P. 9(b) .........................................................................................................................3

Fed. R. Civ. P. 36 .........................................................................................................................11

Local Civil Rule 33.3(a) of the U.S. District Court for the Southern District of New York .......2, 8

**OTHER AUTHORITIES**

8B C.A. Wright, A.R. Miller, et al., *Fed. Prac. & Proc. Civ.* § 2264 (3d ed. 2015) ......................11

Defendant William Uchimoto respectfully submits this memorandum of law in response to (i) the motion filed by Defendants Benjamin and Michaela Wey on February 26, 2016 for a stay of this civil action (the "SEC Action") as to the Weys pending the resolution of a related criminal action titled *United States v. Benjamin Wey, et al.*, No. 15-CR-0611 (AJN) (FM) (S.D.N.Y.) (the "Criminal Case") (the "Motion to Stay") (ECF No. 82); and (ii) the letter motion filed by the U.S. Attorney's Office for the Southern District of New York (the "Government") on March 8, 2016 requesting permission to move to intervene and for a limited stay of the SEC Action (the "Motion to Intervene") (ECF No. 86).[1]

In the Motion to Stay, the Weys seek a partial stay of the SEC Action solely as to them. They take no position as to whether, or to what extent, a stay should be granted with respect to other defendants in the SEC Action. (Wey Mem. at 1 n.1.)[2] In the Motion to Intervene, the Government seeks a stay of (i) depositions, (ii) interrogatories, (iii) requests for admission, and (iv) production of transcripts of SEC testimony and "notes of interviews with, and any form of discovery that would create statements of, any person whom the Government asserts may be called as a witness in the criminal action" ("3500 Material"). (Motion to Intervene at 1.)

Mr. Uchimoto does not oppose a stay as to the Weys. Nor does he oppose the Government's request to intervene in the SEC Action. However, Mr. Uchimoto objects to the Government's request for a stay because it is premature and overbroad. Below, Mr. Uchimoto addresses the potential prejudice to him posed by the Motion to Intervene, and the interest of the Court in moving this case forward. Mr. Uchimoto proposes that the Government's concerns

---

[1] Counsel understands that pursuant to the Court's Individual Practice No. 4.A.1, responses to a pre-motion letter, such as the Motion to Intervene, should be by letter filed within four business days of the original letter. However, the issues in the Motion to Stay and Motion to Intervene are so related that counsel thought it would be efficient to address both in this omnibus response.

[2] Memorandum of Law of Defendants Benjamin and Michaela Wey in Support of Their Motion for a Stay of This Case Pending the Resolution of the Related Criminal Case, dated February 26, 2016. (ECF No. 83.)

would be addressed sufficiently if (i) dispositive briefing is permitted to go forward; (ii) initial interrogatories, as contemplated by Local Civil Rule 33.3(a), are permitted to be served and responded to; (iii) documentary discovery—including transcripts of testimony and notes of any interviews before the SEC—and third-party deposition discovery are allowed to proceed; and (iv) party depositions and requests for admission are deferred until after conclusion of the Criminal Case and completion of document discovery of the Weys.

## FACTS RELEVANT TO MR. UCHIMOTO'S RESPONSE

On September 10, 2015, the Securities and Exchange Commission (the "SEC") filed the SEC Action against Mr. Uchimoto, a distinguished attorney, alleging that he participated in a secret stock manipulation scheme. The SEC also issued a press release publicizing the charges against Mr. Uchimoto and trumpeting its institution of *Fraud Charges in Cross-Border Scheme to Secretly Control and Manipulate Stock of Chinese Companies After Reverse Mergers*. (Siegal Decl. Ex. A.)[3] Prior to filing the SEC Action, the SEC did not provide Mr. Uchimoto with a Wells Notice or afford him an opportunity to examine and rebut the allegations against him.

Separately, on the same day, the U.S. Attorney's Office for the Southern District of New York unsealed an indictment in the Criminal Case charging Benjamin Wey and Seref Dogan Erbek—also defendants in the SEC Action—with a criminal stock manipulation conspiracy. (Siegal Decl. Ex. D.) Mr. Uchimoto is not a defendant in the Criminal Case. Indeed, the sole intersection between the claims against Messrs. Uchimoto and the Weys relates to a discrete issue concerning "allegations of false statements to NASDAQ" that are principally set forth in only nine paragraphs of the SEC's 166-paragraph Amended Complaint (the "Complaint") and in

---

[3] Declaration of David Siegal in Support of Motion of Defendants Benjamin Wey and Michaela Wey for a Stay of This Case Pending the Resolution of the Related Criminal Case, dated February 26, 2016. (ECF No. 84.)

2

only three paragraphs of the Government's 43-paragraph criminal indictment. (*See* Wey Mem. at 4; Siegal Decl. Ex. C at ¶¶ 82-90; *id.* Ex. D at ¶¶ 15-17.)

On February 11, 2016, Mr. Uchimoto filed a pre-motion letter seeking leave to move to dismiss the Complaint on numerous grounds (the "Pre-Motion Letter"). (ECF No. 81.) Most relevant here, Mr. Uchimoto's Pre-Motion Letter argues that the Complaint should be dismissed for failure to plead fraud with adequate specificity under Federal Rule of Civil Procedure 9(b). (Pre-Motion Letter at 3-4.) For example, the SEC alleges that Mr. Uchimoto was involved in a secret stock manipulation scheme. Yet the Complaint contains no specific allegations that he participated in, or even was aware of, the alleged scheme. And while the SEC alleges that Mr. Uchimoto made misleading statements to NASDAQ while he was assisting two clients obtain listings on NASDAQ, it fails to identify which purportedly misleading statements were made in connection with which listing application, and where, when, and to whom those statements were made. Mr. Uchimoto's Pre-Motion Letter also argues that the claims against him in the Complaint, which relate to events that took place in 2008 and 2009, should be dismissed as time-barred by the five-year statute of limitations pursuant to the Supreme Court's holding in *Gabelli v. SEC*, 133 S. Ct. 1216 (2013). (Pre-Motion Letter at 2-3.) The SEC never responded to Mr. Uchimoto's Pre-Motion Letter or disclosed whether it intended to seek leave to file a Second Amended Complaint, as required by the Court's Individual Practice No. 4.A.1.

To date, none of the defendants has answered the Complaint, and no discovery requests have been exchanged.

## ARGUMENT

Mr. Uchimoto does not oppose a stay of the SEC Action as to the Weys. However, Mr. Uchimoto does oppose the broad stay sought by the Government, which would unfairly prejudice his right to restore his reputation and defend himself against the SEC's high-profile and

3

publicized claims. Below, Mr. Uchimoto addresses three of the six factors governing the Court's consideration of whether, and to what extent, to stay the SEC Action during the pendency of the parallel Criminal Case: (i) the extent to which the issues in the criminal case overlap with those presented in the civil case; (ii) the private interests of and burden on the defendants; and (iii) the interests of the courts. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012) (quoting *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).[4]

Consideration of these relevant factors shows that the stay sought by the Government is overbroad and inappropriate. The Court can instead fashion a stay (as discussed below) that would be equitable to all parties and serve the Court's interest in efficiently moving this case toward a just resolution.

I. **The Court Should Permit The SEC Action To Proceed.**

   A. **The Issues In The SEC Action And The Criminal Case Do Not Overlap Significantly As To Mr. Uchimoto.**

Contrary to the Government's argument, as to Mr. Uchimoto the facts and issues in the SEC Action and the Criminal Case are not "thoroughly related." (Motion to Intervene at 3.) Mr. Uchimoto is not even a defendant in the Criminal Case. Where, as here, a defendant in a civil action is not a defendant in a parallel criminal case, courts are reluctant to stay the civil action pending resolution of the criminal case. *See, e.g., SEC v. Jones*, No. 04-cv-4385 (RWS), 2005 WL 2837462, at *2 (S.D.N.Y. Oct. 28, 2005) (denying U.S. Attorney's Office's motion to stay civil discovery in the SEC action where none of the defendants in the SEC action were

---

[4] Mr. Uchimoto takes no position as to the other relevant factors: (i) the status of the case, including whether the defendants have been indicted; (ii) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; and (iii) the public interest. *See Louis Vuitton Malletier S.A.*, 676 F.3d at 99.

4

defendants in a separate criminal case arising out of insider trading in the same stock during the same period); *SEC v. Mazzo*, No. 12-cv-1327 (DOC) (ANX), 2013 WL 812503, at *1-2 (C.D. Cal. Feb. 25, 2013) (denying U.S. Attorney's Office's motion for partial stay of civil discovery where one of the defendants in SEC action was not a defendant in the parallel criminal case); *SEC v. Jenkins*, No. 09-cv-1510 (PHX) (GMS), 2011 WL 221696, at *1 (D. Ariz. Jan. 21, 2011) (denying U.S. Attorney's Office's motion to stay certain depositions because "Mr. Jenkins is not a defendant in any criminal case, [and] there is little reason his preparation should be stayed so the United States can preserve its strategic advantage at his expense").

The allegations against Mr. Uchimoto in the SEC's Complaint are merely a small subset of the allegations in the broader SEC Complaint and the Criminal Case. The criminal and civil claims against Mr. Wey concern stock issued by three separate issuers, Mr. Wey's alleged violation of the federal securities laws in connection with his alleged stock ownership in those three issuers, and an alleged 1,000-share trade relating to one of those issuers. (*See* Wey Mem. at 4.) In contrast, the claims against Mr. Uchimoto concern an isolated set of communications with NASDAQ, which the SEC does not identify with specificity. (*See* Siegal Decl. Ex. C at ¶¶ 82-90.)

### B.   Further Delay In The SEC Action Would Prejudice Mr. Uchimoto.

Essentially, the Government is asking Mr. Uchimoto to sit on the sidelines for more than a year while he waits for the Government to prosecute conduct with which he had virtually no involvement.

Mr. Uchimoto has an interest in resolving the SEC Action expeditiously so he can clear his name and restore his reputation. Delay of the SEC Action to preserve the Government's strategic advantage in the Criminal Case would prejudice Mr. Uchimoto by unnecessarily suspending his ability to prepare a defense to the unfounded charges against him. *See Jones*,

5

2005 WL 2837462, at *2 (denying motion to stay where defendant's "reputation and credibility have been called into question, and he deserves a timely opportunity to clear his name"); *SEC v. Treadway*, No. 04-cv-3464 (VM) (JCF), 2005 WL 713826, at *3 (S.D.N.Y. Mar. 30, 2005) (recognizing that defendants "plainly have an important interest in moving to trial swiftly . . . since the pendency of this litigation is an economic burden on them and a cloud on their careers and personal lives" and that a "long stay of discovery" would be a "significant hardship," but granting a stay of depositions because the criminal trial was scheduled to begin in less than a month).

The potential prejudice to Mr. Uchimoto is especially great in this case, where he has received insufficient notice of the charges against him. The SEC never served Mr. Uchimoto with a Wells Notice notifying him of the allegations against him and affording him an opportunity to examine and contest those allegations. Instead, the only information Mr. Uchimoto has received about the charges against him are the nonspecific allegations set forth in the Complaint. Without fulsome discovery, Mr. Uchimoto will have no way of exploring and testing the underlying factual bases for those allegations.

Moreover, the SEC's claims against Mr. Uchimoto relate to events that took place in 2008 and 2009. To the extent these claims are not already time-barred (which we argue they are), the additional passage of time would prejudice Mr. Uchimoto by allowing memories to erode further and witnesses to become unavailable.

### C. The Court's Interest In An Efficient Adjudication Of The SEC Action Will Be Served By Allowing Mr. Uchimoto To Begin Preparing A Defense Pending Resolution Of The Criminal Case.

The court presiding over the Criminal Case has set a trial date of March 6, 2017. (Siegal Decl. Ex. E.) It is in this Court's interest—as well as Mr. Uchimoto's—that he be able to use the next year to begin preparing his defense to the SEC Action while the Criminal Case moves to

resolution. In contrast, the broad stay sought by the Government would effectively stop this action in its tracks for a year, at least.

II. **The Court Should Fashion A Reasonable And Measured Stay That Allows Dispositive Briefing, Initial Interrogatories, Document Discovery, And Non-Party Depositions to Proceed.**

Mr. Uchimoto proposes that the Court strike a balance between permitting Mr. Uchimoto to move toward a resolution of the case against him and recognizing the Weys' and the Government's interests by fashioning a reasonable and measured stay that allows dispositive briefing, initial interrogatories, document discovery, and non-party depositions to proceed, as set forth below.

### A. The Court Should Permit Dispositive Motion Practice.

Permitting Mr. Uchimoto to proceed with dispositive motion practice would be in the best interests of all parties and the Court.[5] Mr. Uchimoto should have an opportunity to test the sufficiency of the pleadings against him. Further, the Court has an interest in ensuring that any stale or baseless claims before it are promptly dismissed.

On February 11, 2016, Mr. Uchimoto filed a Pre-Motion Letter seeking leave to file a motion to dismiss. (ECF No. 81.) The SEC did not file a responsive letter, as required by the Court's Individual Practice No. 4.A.1. The SEC also failed to disclose whether it intended to seek leave to file a Second Amended Complaint, as further required by the Court's Individual Practices. Mr. Uchimoto assumes on the basis of the SEC's non-response that the Amended Complaint will be the operative complaint in this action, against which Mr. Uchimoto will move to dismiss. In addition, Mr. Uchimoto assumes that the briefing schedule applicable to co-

---

[5] Neither the Weys' Motion to Stay nor the Government's Motion to Intervene requests a stay of dispositive motion practice.

7

defendant Mr. Robert Newman's motion to dismiss (*see* Memo Endorsement on Mr. Newman's Pre-Motion Letter (ECF No. 80)) will also apply to Mr. Uchimoto's motion.

### B. The Court Should Permit Interrogatories Served Pursuant To Local Civil Rule 33.3(a).

Mr. Uchimoto opposes the Government's request to stay all interrogatories pending the resolution of the Criminal Case. Pursuant to Local Civil Rule 33.3(a), interrogatories may be served "at the commencement of discovery" to seek "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents." By requesting a stay of all interrogatories, the Government effectively seeks to preclude Mr. Uchimoto from identifying potential witnesses and the location of documents, without which he cannot begin discovery in this case.

Instead of the Government's overbroad request to stay all interrogatories, Mr. Uchimoto proposes that the Court permit the parties to serve and respond to interrogatories pursuant to Local Civil Rule 33.3(a). Any contention interrogatories may be served at a later time, after the Weys and the remaining parties have completed their document productions.

### C. The Court Should Permit Document Discovery Other Than From The Weys.

Mr. Uchimoto does not object to a stay of document discovery as to Mr. and Mrs. Wey. However, the Government's request to stay the production of transcripts of SEC testimony and other 3500 Material is overbroad and premature.

The Government argues that the production of transcripts and interview notes must be restricted to prevent defendants Benjamin Wey and Seref Dogan Erbek from "us[ing] civil discovery to end-run criminal discovery restrictions, [which] would allow them to inappropriately and unfairly tailor their defense to the Government's proof." (Motion to

8

Intervene at 4.) These generic fears of unfair advantage ignore the fact that Mr. Uchimoto is not a defendant in the Criminal Case, and that he is entitled to broad civil discovery as a defendant in the SEC Action. *See SEC v. Saad*, 229 F.R.D. 90, 92 (S.D.N.Y. 2005) (ordering the SEC, over U.S. Attorney's Office's objection, to turn over 3500 material in civil case, noting, "the defendants are not just facing a criminal indictment; they are also facing a very serious SEC civil action, and they are thus fully entitled to the timely discovery that federal law grants them in defending such an action").

Mr. Uchimoto is seeking, among other things, the SEC's transcripts—at least some of which we are aware have already been turned over to counsel for the criminal defendants. While the SEC has alleged that Mr. Uchimoto made misleading statements to NASDAQ employees, it has failed to identify with specificity which of his statements correspond to which company's listing process, and where, when, and to whom those statements were made. (*See* Pre-Motion Letter at 3-4.) Without the SEC's transcripts and interview notes, Mr. Uchimoto will not be able to begin preparing his defense.

The Government has not identified any specific harm it would suffer if SEC transcripts and 3500 Material were produced. Instead, the Government essentially seeks a blanket order preventing the production of documents without even identifying what the documents are or how it would be prejudiced by their disclosure. "Without specific discovery requests and specific objections before it, the Court simply cannot evaluate the validity and strength of the government's concerns relative to the defendants' interest in a prompt resolution of the allegations against them." *SEC v. Cioffi*, No. 08-cv-2457 (FB) (VVP), 2008 WL 4693320, at *2 (E.D.N.Y. Oct. 23, 2008). As the *Cioffi* court further stated, "[t]he far more sensible approach is

to allow discovery to go forward, but to allow the U.S. Attorney to object to particular requests." *Id.*

Permitting document discovery to move forward with respect to all parties and non-parties other than the Weys would promote the efficient resolution of this case.

### D. The Court Should Permit Non-Party Deposition Discovery.

The Government's request to stay all deposition discovery in the SEC Action is premature and overbroad. Rather, in the event the Court stays the SEC Action as to the Weys, non-party deposition discovery should be allowed to proceed once document discovery (other than from the Weys) is complete. The SEC's claims against Mr. Uchimoto relate to events that took place in 2008 and 2009, and the SEC had the benefit of interviewing witnesses two years ago without Mr. Uchimoto's participation. To the extent the SEC's claims are not already time-barred (which we argue they are), Mr. Uchimoto should have the opportunity to take non-party depositions before witnesses' memories have eroded completely or witnesses become unavailable. If the Government has specific objections to the depositions of specific witnesses, it may seek to quash those witnesses' subpoenas at that time.

However, party depositions should only proceed once a full documentary record has been developed, in order to avoid possible prejudice to the parties arising from the need to take additional deposition testimony in light of newly produced documents. In particular, because the claims in the Complaint against Mr. Uchimoto rely in part on alleged communications with Mr. Wey, party depositions should not be scheduled until after any stay as to the Weys has been lifted and the Weys have completed their document productions. (*See* Siegal Decl. Ex. C at ¶¶ 86 (referencing Mr. Uchimoto's alleged "extensive communications with Benjamin Wey"), 89 (alleging that Mr. Uchimoto proposed a "plan" to Mr. Wey).) *See, e.g., Saad*, 229 F.R.D. at 92 (ordering full document discovery and depositions of non-parties to proceed in the civil case,

10

yet postponing depositions of six defendants—four of whom were not defendants in the criminal case—until after the criminal trial).

### E. Staying Requests For Admission Would Be Premature.

The Government's request for a stay barring the service of requests for admission pursuant to Federal Rule of Civil Procedure 36 is simply premature. Requests for admission are principally used to elicit admissions sufficient to support summary judgment and to narrow the issues remaining to be tried. *See Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992); 8B C.A. Wright, A.R. Miller, et al., *Fed. Prac. & Proc. Civ.* § 2264 (3d ed. 2015). As such, they are customarily propounded near the close of discovery, in part to deprive a responding party from refusing to answer on the basis of a claimed a lack of knowledge. *See* Fed. R. Civ. P. 36(a)(4). The Court can address the propriety of any requests for admission if and when they are served, which may be a long time hence.

\*   \*   \*

The above proposal would permit the Court to balance its interest in efficiently moving the case toward a speedy and just resolution with the other important interests of the parties.

## CONCLUSION

For the reasons set forth above, the Court should fashion a reasonable stay that balances the interests of the parties and allows dispositive briefing, initial interrogatories, document discovery, and non-party depositions to proceed.

Dated: March 11, 2016
      New York, New York

                       RICHARDS KIBBE & ORBE LLP

                       By: _____
                             Daniel C. Zinman
                             H. Rowan Gaither IV
                             Margaret Winterkorn Meyers
                             200 Liberty Street
                             New York, NY  10281-1003

                             *Attorneys for Defendant William Uchimoto*