UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN WEY, *et al.*<br><br>Defendants,<br><br>and<br><br>ADVANTAGE CONSULTANTS, LTD., *et al.*<br><br>Relief Defendants. | Civil Action No. 15-7116-PKC<br>ECF CASE |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS BENJAMIN AND MICHAELA WEY'S MOTION TO STAY AND THE GOVERNMENT'S PREMOTION LETTER SEEKING TO MOVE TO INTERVENE AND STAY**

Derek S. Bentsen
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549
202.551.6426
202.772.9245 (facsimile)
bentsend@sec.gov

*Counsel for Plaintiff*

The Securities and Exchange Commission ("SEC" or "Commission") respectfully submits this response to the Motion to Stay this case filed by Benjamin Wey and Michaela Wey (the "Wey Defendants") and the Pre-motion Letter filed by the United States seeking permission to move to intervene and stay certain discovery in this case.

## ARGUMENT

The Wey Defendants have moved to stay the entirety of this case as to them (Dkt. 82), and the United States has filed a letter outlining that it seeks to move to stay certain discovery (broadly speaking, depositions, written discovery and the creation of *Jencks* material). (Dkt. 86). Based upon prior discussions with counsel for the other defendants who have appeared in this case, it is the Commission's understanding that no defendant objects to the stay that the United States is seeking.  Nor does the Commission object to the relief sought by the United States.  As such, if the Court is inclined to exercise its discretion to stay this case pending resolution of the related criminal action, the question is thus the appropriate scope of that stay.  Should the Court determine in its discretion to grant a stay, the question is the appropriate scope of that stay. The Commission does not take a position on the scope of any stay, *except* that the Commission objects to any stay of discovery that does not apply to all the parties equally.  Not only would discovery under an asymmetric stay be unfair—in that only certain parties would be exempted—it would also undercut the judicial efficiency concerns that support a stay pending resolution of the related criminal action.  For instance, if discovery were stayed only as to the Weys, a deposition of any particular witness would not only implicate the concerns raised by the United States in its letter motion, but would possibly also have to be retaken upon the lifting of the Weys' stay so that they could participate.  *Cf*. Fed. R. Civ. P. 32(1)(A).  Thus, any stay of discovery the Court may decide to impose should apply equally to all the parties in this action.

## CONCLUSION

For the reasons stated above, the Commission respectfully requests that the Court order any stay of discovery, if entered, applies to all parties before the Court.

Dated:  March 11, 2016

                                                Respectfully submitted,

                                                /s/ Derek Bentsen
                                              Derek Bentsen (DB8369)
                                              UNITED STATES SECURITIES AND
                                              EXCHANGE COMMISSION
                                              100 F St., N.E.
                                              Washington, D.C. 20549-5985
                                              202-551-6426
                                              BentsenD@sec.gov