UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>    v.<br><br>BENJAMIN WEY, NEW YORK GLOBAL GROUP, TIANYI WEI, MICHAELA WEY, ROBERT NEWMAN, WILLIAM UCHIMOTO, and SEREF DOGAN ERBEK,<br><br>           Defendants,<br><br>ADVANTAGE CONSULTANTS, LTD., YORK CAPITAL MANAGEMENT, LTD., FOUR TONG INVESTMENTS, LTD., STRONG GROWTH INVESTMENTS, LTD., MEDIAN ASSETS INVESTMENTS, LTD., and HAN HUA, LTD.,<br><br>           Relief Defendants. | Civ. Action No.: 15-7116 (PKC) |

**MEMORANDUM OF LAW OF DEFENDANT DOĞAN ERBEK IN PARTIAL SUPPORT OF THE MOTION OF BENJAMIN AND MICHAELA WEY FOR A STAY OF THIS ACTION PENDING THE RESOLUTION OF THE RELATED CRIMINAL CASE**

Defendant Doğan Erbek submits this memorandum of law in partial support of the motion of Benjamin and Michaela Wey to stay the instant Securities and Exchange Commission (the "SEC") civil enforcement action until the resolution of the related criminal case, *United States v. Benjamin Wey, et al.*, 15-CR-0611 (AJN) (FM) (S.D.N.Y.) (the "Criminal Case").  On March 9, 2016, Mr. Erbek sought permission to file a motion to dismiss the complaint (Dkt. No. 87), and he continues to seek to file and litigate that motion as soon as possible.  Accordingly, although Mr. Erbek otherwise joins the Weys' pending motion for a stay, he respectfully requests that the Court include a carve-out to permit the litigation and adjudication of any defendant's motion to dismiss.[1]

## PRELIMINARY STATEMENT

Mr. Erbek is similarly situated to Benjamin Wey.  He is both a defendant in this case and has been charged as Mr. Wey's co-defendant in the pending parallel Criminal Case.  The prompt resolution of Mr. Erbek's motion to dismiss would not prejudice any party, nor the U.S. Department of Justice ("DOJ"), which has itself sought to intervene for the purpose of seeking a limited stay.  In the event his anticipated motion to dismiss fails, Mr. Erbek will be unfairly prejudiced if required to defend this case during the pendency of the Criminal Case.  Accordingly, the relevant factors weigh in favor of staying the proceedings, other than any motion to dismiss, until the conclusion of the Criminal Case.[2]

## ARGUMENT

### I.
### APPLICABLE LEGAL STANDARD

It is well established that "a court may decide in its discretion to stay civil proceedings… 'when the interests of justice seem to require such action…'." *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)).  Courts have long granted stays of civil proceedings pending the resolution of related criminal investigations.  See *Landis v. North America Co.*, 299 U.S. 248, 255 (1936); *Kordel*, 397 U.S. at 12 n. 27; *Kashi*, 790 F.2d at 1057.  "Courts are

---

[1] Mr. Newman's request to file a motion to dismiss has been granted, and Mr. Uchimoto has indicated his intent to file a motion to dismiss.  (*See* Dkt. Nos. 80, 81).
[2] Mr. Erbek adopts and incorporates by reference herein all arguments advanced by the Weys that are not inconsistent with his position.

1

afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of the trial, or otherwise prejudice the criminal case." *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995).

District courts balance the following six factors when considering whether to stay a civil matter:

1) the extent to which the issues in the criminal case overlap with those presented in the civil case;

2) the status of the case, including whether the defendants have been indicted;

3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

4) the private interests of and burden on the defendants;

5) the interests of the courts; and

6) the public interest.

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012) (citing *Plumbers*, 886 F. Supp. at 1139). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *SEC v. Jones*, 04-CV-4385, 2005 U.S. Dist. LEXIS 25325, at *3 (S.D.N.Y. Oct. 28, 2005) (citations omitted).

## II.
## THE COURT SHOULD STAY THE PROCEEDINGS IN THIS ACTION UNTIL THE CONCLUSION OF THE CRIMINAL CASE

In this case, the factors weigh in favor of staying discovery: the issues in the criminal case and the civil case are substantially the same, if not identical; the Defendant has been indicted; a delay will not unduly prejudice the Plaintiff SEC; the Defendant's interest in a stay is great, and the preservation of his Fifth Amendment rights outweighs the SEC's interest in proceeding expeditiously; the efficiency interests of the Court support entering a stay; and there is no significant public interest that prevents the issuance of a stay.

A.     **There is Significant Overlap Between the Issues in the Criminal Case and the Issues in This Action**

Because of its implications on Fifth Amendment rights, the first factor is the "most important factor" the Court considers in making its decision on whether to stay an action. *Plumbers*, 886 F. Supp. at 1139. In this case, this factor weighs heavily in favor of granting a stay.

The civil and criminal cases were filed simultaneously in the same courthouse after a more than four-year investigation conducted by the DOJ and SEC. The cases concern the same conduct, evidence, and, therefore, in all probability, the same witnesses. As described in the Weys' moving papers, the criminal Indictment and the Amended Complaint allege the same general facts and legal issues. This significant overlap weighs in favor of granting a stay.

B.     **Mr. Erbek Has Been Indicted and a Trial Date Has Been Set**

A court may impose a stay to protect a defendant's Fifth Amendment rights even when no indictment has been issued, while a grand jury investigates whether it will indict. *See SEC v. One or More Unknown Purchasers of Secs. of Global Indus., Ltd.*, 11-CV-6500, 2012 U.S. Dist. LEXIS 162772, at *8 (S.D.N.Y. Nov. 9, 2012). In this case, the indictment has been returned, and a trial date of March 6, 2017 has been set. The fact that an indictment has been returned weighs in favor of granting a stay.

C.     **The SEC Does Not Object to a Stay and Will Not Be Prejudiced by a Stay**

The SEC is not expected to oppose a stay in this matter, and its interest in proceeding is not outweighed by any prejudice that may be caused by a stay. *See Global Indus., Ltd.*, 2012 U.S. Dist. LEXIS 162772, at *8; *see also SEC v. Syndicated Food Serv. Int'l*, 04 Civ. 1303, 2004 U.S. Dist. LEXIS 31717, at *12 (E.D.N.Y. Aug. 19, 2004) ("a stay of discovery would not prejudice the plaintiffs in the civil case, as evidenced by the fact that the SEC does not oppose the [stay motion]").

The DOJ has itself requested permission to file a motion to stay depositions, interrogatories, requests for admission, and production of transcripts of testimony before the SEC and notes of interviews with, and any form of discovery that would create statements of, any person whom the Government

asserts may be called as a witness in the criminal case. (Dkt. 86 at p. 1.) Clearly, both the parties' and the public's interest weigh in favor of a stay.

### D. Mr. Erbek's Private Interest in Preserving His Fifth Amendment Rights Weighs in Favor of a Stay

Requiring Mr. Erbek to answer or participate in discovery would be unfairly prejudicial to him. In the absence of a stay, Mr. Erbek will be faced with the quandary of invoking his Fifth Amendment rights, thus exposing himself to the potential for an adverse inference, or prejudicing his defense in the Criminal Case by answering the Amended Complaint's allegations and discovery requests. *See* Fed. R. Civ. P. 8(b)(3), 26, 33, 34; *see also SEC v. Boock*, 09-CV-8261, 2010 U.S. Dist. LEXIS 59481, at *6 (S.D.N.Y. June 15, 2010) ("In the absence of a stay, an adverse inference may very well be drawn against the defendants in this civil action if the pendency of the criminal prosecution prompts them to invoke their Fifth Amendment privilege.").

### E. The Court's Interest in Judicial Efficiency Will Not be Harmed by a Stay

The Court has an interest in the efficient resolution of its case. *See Global Indus., Ltd.*, 2012 U.S. Dist. LEXIS 162772, at *12. Avoiding uncertainty over when criminal proceedings will conclude is of significance to judicial efficiency. *Id.* at *13. In this case, no such uncertainty exists; Judge Nathan has set a firm trial date.

### F. Granting a Stay Will Serve the Public Interest

There is a great public interest in protecting Mr. Erbek from self-incrimination based on important constitutional rights. Additionally, "absent a stay, the Criminal Case risks exposure to those specific concerns against which the restrictions on criminal discovery are intended to guard. . . " *Id.* at *16-17.

### CONCLUSION

Based on the foregoing, Mr. Erbek requests that the Court stay this action pending resolution of the Criminal Case, with a carve-out to permit the litigation of any defendant's motion to dismiss.

Dated:  March 11, 2016

                                              BAKER & McKENZIE, LLP
                                              *Counsel to Defendant Seref Doğan Erbek*


**By:**          **/s/ Marc Litt**
                      Marc Litt

                452 Fifth Avenue
                New York, New York 10018
                Tel: (212) 626-4454
                Marc.Litt@bakermckenzie.com