UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

               Plaintiff,

    v.

BENJAMIN WEY,
NEW YORK GLOBAL GROUP,
TIANYI WEI,
MICHAELA WEY,
ROBERT NEWMAN,
WILLIAM UCHIMOTO, and
SEREF DOGAN ERBEK,

               Defendants,

    and

ADVANTAGE CONSULTANTS, LTD.,
YORK CAPITAL MANAGEMENT, LTD.,
FOUR TONG INVESTMENTS, LTD.,
STRONG GROWTH CAPITAL, LTD.,
MEDIAN ASSETS INVESTMENTS, LTD., and
HAN HUA, LTD.,

               Relief Defendants.

Civil Action No. 15-7116 (PKC)

ECF CASE

---

**DEFENDANT ROBERT NEWMAN'S MEMORANDUM OF LAW
IN RESPONSE TO DEFENDANTS BENJAMIN AND MICHAELA WEY'S
MOTION TO STAY**

SERCARZ & RIOPELLE, LLP
810 Seventh Avenue, Suite 620
New York, NY 10019
(212) 586-4900

*Attorneys for Defendant Robert Newman*

## PRELIMINARY STATEMENT

Defendant Robert Newman (the "Defendant" or "Newman") respectfully submits this memorandum of law in response to the motion filed by Defendants Benjamin and Michaela Wey seeking a stay of this case as to the Weys (the "Motion to Stay") (ECF No. 82) pending the resolution of a related criminal action titled *United States v. Benjamin Wey, et al.* 15-CR-0611 (AJN) (FM) (S.D.N.Y.) (the "Criminal Case"). Defendant Newman is aware that his co-defendant William Uchimoto ("Defendant Uchimoto") has filed an extensive Memorandum of Law in response to the Motion to Stay (ECF No. 88), and Defendant Newman joins in substantially all of the arguments and positions taken by Defendant Uchimoto. Defendant Seref Erbek ("Erbek") has now filed a memorandum seeking relief similar to that sought by the Weys. (ECF No. 89). Newman is also aware that the United States Attorney's Office has moved to intervene in this action so as to move for a stay of virtually all meaningful discovery for the next year, while the Criminal Case wends its way toward a conclusion. (ECF No. 86). And the Securities and Exchange Commission ("SEC") consents to the stay requested by the United States Attorney's Office. (ECF No. 89). Based on the filings thus far, it appears that the Court should enter an order granting a limited stay of some kind, and Newman is in favor of the entry of such an order. The following argument will set forth Defendant Newman's position on the extent of the stay which he contends the Court should enter in this case.

## ARGUMENT

Defendant Newman consents to the motion made by Mr. and Mrs. Wey, to stay this action in all respects as to them until such time as the criminal case pending against Mr. Wey is resolved. Defendant Newman also consents to Defendant Erbek's motion for a stay of discovery as to Erbek during the pendency of the criminal case. However, Newman believes that certain

aspects of this case should be permitted to proceed at least in part, during the pendency of the related criminal case.

### A. Dispositive Motions

Defendant Newman respectfully submits that any of the defendants should be permitted to make any dispositive motion he or she may wish to make, and the Court has already authorized Newman to make such a motion after the Motion to Stay has been decided. (ECF No. 80). Defendant Newman agrees with Defendant Uchimoto that there is no good reason to delay the disposition of this matter by motion practice as to Newman, Uchimoto or any other defendant, while we wait for the criminal case to be resolved. If this case can be resolved with a motion to dismiss, further delay in this case makes no sense.

### B. Documentary Discovery

In addition, Defendant Newman believes, as Defendant Uchimoto does, that at least some documentary and deposition discovery can proceed while the criminal case proceeds against Mr. Wey. Newman is willing to respond to any document request served on him by the Securities and Exchange Commission ("SEC") – in fact, he has already produced to the SEC every scrap of paper he has relating to this case, but if the SEC believes he should produce those documents again, he will. In addition, Newman believes the SEC should be required to respond to any document request he serves on it, and the SEC should be required to produce the documents and transcripts of testimony it obtained during its investigation of this matter. And unless other parties to the lawsuit object to document discovery proceeding as to them, Defendant Newman believes that the parties should proceed to produce document discovery to each other. Moreover, Newman submits that there is no reason why non-parties to this lawsuit should not be required to produce any documents requested by subpoena, because, as Defendant Uchimoto notes, allowing

2

such discovery to proceed will "promote the efficient resolution of this case." Uchimoto Memorandum of Law, p. 6.

In its March 8, 2016 letter, the United States Attorney's Office suggests that a stay of discovery should be ordered with respect to "production of transcripts of SEC testimony and notes of interviews with, and any form of discovery that would create statements of, any person whom the Government asserts may be called as a witness in the criminal action." March 8, 2016 Letter, ECF No. 86, p. 1. Defendant Newman does not consent to such a stay.

At a minimum, the United States Attorney should be required to supply the defendants in this action with a list of the persons whom it asserts "may be called as a witness in the criminal action" so that the defendants in this action can make a more intelligent assessment of whether a total stay of discovery as to those individuals is appropriate. Without such a list, the defendants simply cannot ascertain the true merits of the United States Attorney's application. All we know at this point is that the United States Attorney opposes the production of some evidence as to one or more persons. Once the defendants here have the list of the government's witnesses, they can determine whether to consent to the stay proposed by the government.

Moreover, the United States Attorney's suggestion that the production of SEC testimony and notes of interviews of witnesses should be stayed should be rejected. It may be that the (now unknown to the defendants) persons whom the United States Attorney wishes to call as witnesses at the criminal trial of the Mr. Wey should not be deposed in this case until after the criminal trial is completed. Defendant Newman is in no position to know whether to agree to a stay of such depositions until he knows precisely whose testimony the United States Attorney wishes to forestall at this point. But there is no basis whatsoever to deny the defendants in this case the documentary discovery and testimonial transcripts of such persons now.

3

If the testimony and statements of the United States Attorney's witnesses are so totally contrary to the testimony the government anticipates they will give at trial as to vitiate the government's criminal case, the transcripts and notes are Brady material and ought to be produced to the criminal defendants immediately so that the defendants may make effective use of them in the criminal case.  See United States v. Coppa, 267 F.3d 132, 144 (2d Cir. 2001); Leka v. Portuondo, 257 F.3d 89, 100 (2d Cir. 2001).  And, if the testimony and notes are consistent with the United States Attorney's allegations in the criminal case, then there is no harm to that case in producing them to the defendants in this case in due course.

What is it that the United States Attorney's Office fears will happen if prior statements of its witnesses are produced now, if those statements are consistent with its theory of criminal liability?  That the criminal defendants will flee the jurisdiction, once they see the statements of the witnesses against them?  That seems unlikely, given the stringent bail conditions imposed on Mr. Wey, and the fact that he has not fled yet.  That Mr. Wey or Mr. Erbek might do some sort of violence to the witnesses if their statements are released?  That seems pretty unlikely since there is absolutely no suggestion that the criminal defendants did any violence to anyone in the past.  Or that the criminal defendants might have a little extra time to study the witness statements against them and prepare a defense?  Defendant Newman respectfully submits that no harm would be done to the criminal justice system if the criminal defendants actually had sufficient time to prepare their defense in a calm and orderly fashion.  Isn't the point of a "criminal justice system" to see that justice is actually done, after the defendants have been given a robust opportunity to contest the charges against them?  The United States Attorney's Office doesn't seem interested in that type of "criminal justice system," and instead wants to have a trial

4

by ambush to the extent the Court will permit that. Defendant Newman respectfully submits the Court should not accede to the United States Attorney's wishes.

Indeed, the types of materials that the United States Attorney seeks to prohibit the production of are routinely produced to criminal defendants months in advance of any trial date in complex, white collar cases of the sort at issue in *United States v. Wey, et al.*, 15-CR-0611, precisely because the complexity of such cases requires early production of those sorts of materials, and there is zero likelihood that early production of the materials will result in a miscarriage of justice or harm to a witness. Defendant Newman respectfully submits that there is really no basis to stay the disclosure of these materials in this case, given the common practice of producing them well in advance of any trial date in complex, white-collar criminal cases. The materials at issue – transcripts of testimony and notes – should be produced here in the ordinary course, which won't give the defendants much of a jump on their review of these materials, since they will likely be getting them in the criminal case in a few more months. However, if the Court does order any stay of the production of these materials this case, it should certainly not extend that stay in this case beyond the date (now fast approaching) when the United States Attorney will be required to produce them in the criminal case. Once the materials at issue have been produced in the criminal case, there is no reason to withhold them here.

C. **Taking Depositions**

With respect to deposition discovery, Defendant Newman agrees with the position taken by Defendant Uchimoto. Depositions of non-parties to this lawsuit should be allowed to proceed where such depositions can be taken without obtaining documents from Mr. and Mrs. Wey or any other party to this lawsuit who obtains a stay of document discovery. At the present time, it is difficult to tell what sort of depositions can be taken, because we don't have any documents in

hand. But once document discovery is relatively complete, the parties should be permitted to begin taking depositions of nonparties, after they have identified which depositions can be taken on the record then available.

In addition, Defendant Newman will consent to staying the depositions of any persons whom the United States Attorney's Office identifies as witnesses in its criminal case, until such time as those witnesses have testified in the criminal case. Defendant Newman recognizes that the United States Attorney's Office does not want its witnesses deposed in this case by the defendants in the criminal case, and agreeing to a stay of such depositions seems a fair trade for a stay of any discovery from the criminal defendants. After the United States Attorney's witnesses have given their testimony in the criminal case, there is no basis to continue such a stay, however. Therefore, Defendant Newman respectfully submits that the Court should only stay the depositions in this case of the government's witnesses in the criminal case until such time as those witnesses have completed their testimony in the criminal case. After that time, there is no need for a further stay.

Defendant Newman respectfully submits that the depositions of the parties to this lawsuit – including Newman himself – should not proceed until the criminal case is resolved and the stay is lifted as to Mr. and Mrs. Wey. At that point, document discovery can be completed, and after the parties to this lawsuit have had an opportunity to review the documents produced by all parties, the depositions of the parties to this action should proceed. In this regard, Defendant Newman notes that even if there were no stay in place, it would be unlikely that the parties to this case could be deposed before April of next year, given the complexity and number of documents relevant to this case. So staying the document and deposition discovery as to Mr. and Mrs. Wey until after the criminal case is resolved will not delay the proceedings in this case

6

much in any event. And allowing other discovery to proceed in the meantime will allow the parties to this lawsuit to make significant progress while we await the outcome of the criminal case.

## CONCLUSION

For the reasons set forth above, the Court should fashion a reasonable stay that allows dispositive briefing, document discovery as indicated above, and non-party depositions to proceed while the criminal case against Mr. Wey and Mr. Erbek is pending. And the Court should order that no depositions of the parties to this action may be taken until the criminal case is resolved, and document discovery is completed with respect to Mr. and Mrs. Wey, and Mr. Erbek.

Dated: March 11, 2016
      New York, New York

                             SERCARZ & RIOPELLE, LLP

                             By: _____
                                  Roland G. Riopelle (RR-2950)
                                  Robert Caliendo (RC-1515)
                                  810 Seventh Avenue, Suite 620
                                  New York, NY  10019
                                  (212) 586-4900

                                  *Attorneys for Defendant Robert Newman*