UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br>     v.<br><br>BENJAMIN WEY, NEW YORK GLOBAL GROUP, TIANYI WEI, MICHAELA WEY, ROBERT NEWMAN, WILLIAM UCHIMOTO, and SEREF DOGAN ERBEK,<br><br>              Defendants,<br><br>ADVANTAGE CONSULTANTS, LTD., YORK CAPITAL MANAGEMENT, LTD., FOUR TONG INVESTMENTS, LTD., STRONG GROWTH INVESTMENTS, LTD., MEDIAN ASSETS INVESTMENTS, LTD., and HAN HUA, LTD.,<br><br>              Relief Defendants. | Civ. Action No.: 15-7116 (PKC) |

**REPLY MEMORANDUM OF LAW OF DEFENDANTS BENJAMIN AND MICHAELA WEY IN FURTHER SUPPORT OF THEIR MOTION FOR A STAY OF THIS CASE PENDING THE RESOLUTION OF THE RELATED CRIMINAL CASE**

15644684_3

Defendants Benjamin Wey and Michaela Wey submit this reply memorandum of law in further support of their motion to stay this action, at least with respect to themselves, until after the resolution of the related Criminal Case.[1]

**ARGUMENT**

Before the Court is the Weys' unopposed motion for a stay of this action, with respect to themselves, until the resolution of the Criminal Case. Neither the co-defendants nor the SEC (nor the proposed-intervenor Department of Justice ("DOJ")) object to the stay sought by the Weys. There is no dispute that, should the Weys be compelled to litigate this action while the parallel Criminal Case is pending, they would suffer prejudice.[2]

Defendant Doğan Erbek (Doc. No. 90) and the DOJ (Doc. No. 86) have both analyzed the same six factors discussed in the Weys' moving memorandum of law (Doc. No. 83, pp. 3-7) and reached the same conclusion as the Weys: a stay is appropriate because (i) these two actions are almost entirely overlapping (Doc. No. 86, p. 3); (ii) an indictment has already been returned (Doc. No. 86, p. 3); (iii) the SEC will not be substantially prejudiced by a stay (Doc. No. 90, pp. 3-4, Doc. No. 89, p. 2); (iv) the Weys and Mr. Erbek will be prejudiced by being forced to choose between exercising their Fifth Amendment rights and defending this action (Doc. No. 90, pp. 4); (v) judicial efficiency will be aided by allowing the Criminal Case to proceed first (Doc. No. 86, p. 5); and (vi) the public interest is served by allowing the Criminal Case to proceed without exposing the defendants' trial strategy or exposing them to civil discovery (Doc. No. 90, p. 4).

---

[1] All capitalized terms used herein are to be given the meaning ascribed in the Weys' opening memorandum of law in support of this motion (Doc. No. 83).

[2] Just yesterday, Judge Matsumoto in the Eastern District of New York issued a complete stay (pre-answer) in a parallel SEC enforcement case against two indicted defendants. *See SEC v. Shkreli*, 15-CV-7175, Doc. No. 33

Similarly, defendants Robert Newman and William Uchimoto do not object to the stay sought by the Weys. (Doc. No. 88, p. 1; Doc. No. 92, p. 1) While Newman and Uchimoto seek limited discovery, the Weys take no position with respect to the discovery they seek because it does not appear that such limited discovery would prejudice the Weys.[3]

## CONCLUSION

Based on the foregoing, and the initial papers submitted in support of this motion, the Weys respectfully request that this Court grant a complete stay of this action, at least with respect to themselves, until the conclusion of the Criminal Case.

Dated: March 23, 2016

HAYNES AND BOONE, LLP
*Counsel to Defendants Benjamin Wey and Michaela Wey*

By: s/David Siegal_____
 David Siegal
 Joseph Lawlor
 30 Rockefeller Plaza, 26th Floor
 New York, New York 10112
 (212) 659-4995
 david.siegal@haynesboone.com

---

(E.D.N.Y. Mar. 22, 2016) ("numerous courts both in this circuit and others . . . have granted complete stays of SEC actions during the pendency of parallel criminal proceedings").

[3] The SEC also does not oppose the stay sought by the Weys. Instead, presumably responding to the request by Newman and Uchimoto, the SEC avers that "discovery under an asymmetric stay [would] be unfair." (Doc. No. 89, p. 2) The SEC does not cite any law for this proposition, "symmetry" is not one of the six enumerated relevant factors, and the SEC does not even articulate why symmetry should be valued over the interests each defendant has in proceeding in the ways they separately propose. In any event, the Weys take no position with respect to this argument except to add that the prejudice identified by the Weys, Erbek, and the DOJ is not implicated by the discovery sought by Newman and Uchimoto.