

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F STREET, N.E.
WASHINGTON, D.C. 20549-4631

Derek S. Bentsen
Assistant Chief Litigation Counsel
Telephone: (202) 551-6426
Facsimile: (202) 772-9282
BentsenD@sec.gov

July 20, 2016

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Securities and Exchange Commission v. Wey, et al.*, 15-cv-7116-PKC (SDNY)

Dear Judge Castel:

    In accordance with Practice 4(A)(1) of the Court's Individual Practices, the Securities and Exchange Commission ("SEC") respectfully submits this pre-motion letter regarding the Commission's intention to seek an order from the Court allowing it file a proposed Second Amended Complaint, which is attached to this letter.

    The SEC seeks to amend its complaint, having reviewed the full arguments presented by defendants Newman, Uchimoto, and Erbek in their motions to dismiss.

    Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend the pleadings should be "freely give[n] . . . when justice so requires." Fed.R.Civ.P. 15(a)(2).[1] "The Supreme Court has stated that absent undue delay, bad faith, undue prejudice, or futility, the mandate under Fed. R. Civ. P. 15(a)(2) to freely grant leave to amend 'is to be heeded.'" *DeWitt Stern Group, Inc. v. Eisenberg*, 14 F. Supp. 3d 480, 484 (S.D.N.Y. 2014) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.") (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

---

[1] The SEC notes that although Rule 15(a)(1) permits only one amendment "as a matter of course" the SEC filed its first amended complaint before any of the parties were served or appeared in the case. Moreover, that amendment did not contain significant factual changes.

The Honorable P. Kevin Castel
July 20, 2016
Page 2 of 2

    The SEC is filing this letter within the time set by the Court. And there is no prejudice to the defendants, as no discovery has been taken, and none will be taken until resolution of the parallel criminal action. *See Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008); *see also State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 865 (2d Cir. 1981). Additionally, the amendments the SEC seeks to make to the amended complaint may limit the need for the Court to decide some of the issues raised in the pending motions. Fed. R. Civ. P. 15, 2009 Advisory Committee Note.

    The defendants have indicated that they will review the proposed Second Amended Complaint and will later advise the SEC whether they will consent to it. If defendants consent, it would obviate the need for the Court to address this question. The SEC is therefore not proposing a briefing schedule at this time, but will confer with the defendants after they have reviewed the proposed Second Amended Complaint. The parties will then jointly propose a briefing schedule, if necessary.

    The parties have agreed that the schedule for briefing the pending motions should be stayed pending resolution of the request to amend

Sincerely,

Derek S. Bentsen