Case 1:15-cv-07116-PKC Document 147 Filed 06/04/17 Page 1 of 2

MEMO ENDORSED

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F STREET, N E.
WASHINGTON, D C 20549-4631

recited in the June 4 letter

Derek S Bentsen
Assistant Chief Litigation Counsel
Telephone: (202) 551-6426
Facsimile: (202) 772-9282
BentsenD@sec.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 6/5/17

June 4, 2017

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Securities and Exchange Commission v. Wey, et al.*, **15-cv-7116-PKC (SDNY)**

Dear Judge Castel:

I am writing on behalf of the Securities and Exchange Commission ("SEC") in response to the Court's June 2, 2017 Order. We wish to apologize for our misinterpretation of the interplay between the Court's March 27, 2017 Order and its Individual Practices. Although we reviewed the Court's Order, we did not understand that it exempted the SEC from the requirement of a pre-motion letter set forth in Practice 4(a)(i) of the Court's Individual Practices, which states that "[t]he filing of a pre-motion letter to the Court is required prior to the filing of all motions . . .," with three enumerated exceptions that we did not believe applied to the SEC's Motion to Amend. It was this interpretation of the court's Individual Practices that led to our erroneous filing of a pre-motion letter, rather than a motion to amend the complaint. We would like to assure the Court that the SEC's filing of a pre-motion letter rather than a motion was not an attempt to obtain more time to file.

We also respectfully request that the Court allow the SEC to file a Motion to Amend. The proposed motion and memorandum of law are attached hereto as Exhibits C and D. For the Court's convenience, we have also again attached the exhibits to the SEC's May 31, 2017 letter, a "clean" version of the SEC's proposed Third Amended Complaint (Exhibit A) and a version marked to show proposed changes (Exhibit B). The SEC further respectfully requests that the Court allow the SEC's Motion to Amend to relate back to the May 31, 2017 filing date of the SEC's pre-motion letter since (1) the text of the attached Third Amended Complaint is identical to what the SEC provided to the Court and defense counsel on May 31, 2017; and (2) the SEC's

The facts are inconsistent with your claim. The Court's order was unambiguous and your request for an extension was not for time to file a premotion letter. I suggest you re-read the final sentence of the Mem & Order of March 27 and the first sentence of the second paragraph of your letter of April 11. An objective disinterested reader would clearly see what happened. I will not hold counsel's action against the SEC. Application to file motion to amend is GRANTED.

SO ORDERED.
[signature], USDJ
6-5-17

reliance on a pre-motion letter instead of a motion was truly a mistake and not an attempt to obtain additional time.[1]

Thank you for your consideration of the SEC's request. Again, we apologize for our misunderstanding.

Sincerely,

Derek S. Bentsen

[1] If the Court does not believe it is appropriate to allow this filing to relate back in time, we respectfully request that this letter be treated as a motion to file out of time. Pursuant to the Court's Individual Practice 1.B., governing extensions of time, we sought defense counsel's position on our request to file the Motion to Amend. Counsel for Uchimoto and Newman oppose our request and assert that the motion is out of time.