UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

          Plaintiff,

    v.

BENJAMIN WEY,
NEW YORK GLOBAL GROUP,
TIANYI WEI,
MICHAELA WEY,
ROBERT NEWMAN,
WILLIAM UCHIMOTO, and
SEREF DOGAN ERBEK,

          Defendants,

    and

ADVANTAGE CONSULTANTS, LTD.,
YORK CAPITAL MANAGEMENT, LTD.,
FOUR TONG INVESTMENTS, LTD.,
STRONG GROWTH CAPITAL, LTD.,
MEDIAN ASSETS INVESTMENTS, LTD., and
HAN HUA, LTD.,

          Relief Defendants.

Civil Action No. 15-7116 (PKC)

ECF CASE

---

**DEFENDANT ROBERT NEWMAN'S
MEMORANDUM OF LAW IN OPPOSITION TO
THE SECURITIES AND EXCHANGE COMMISSION'S MOTION
<u>TO FILE A THIRD AMENDED COMPLAINT</u>**

SERCARZ & RIOPELLE, LLP

810 Seventh Avenue, Suite 620
New York, NY 10019
(212) 586-4900

*Attorneys for Defendant Robert Newman*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT

POINT I

THE SEC SHOULD NOT BE PERMITTED TO MAKE ANY CLAIM FOR DISGORGEMENT OF FUNDS RECEIVED BY NEWMAN MORE THAN FIVE YEARS BEFORE THE FILING OF THE ORIGINAL COMPLAINT ......................................................1

POINT II

NEWMAN JOINS IN HIS CO-DEFENDANT'S ARGUMENTS..................................................2

CONCLUSION ........................................................................................................3

ii

## TABLE OF AUTHORITIES

**Cases**

Gabelli v. SEC, 133 S.Ct. 1216 (2013) ...................................................................................1, 2

Kokesh v. SEC, 581 U.S. __, 2017 WL 2407471 (June 5, 2017) ............................................1, 2

S.E.C. v. Pentagon Capital Management PLC, 725 F. 3d 279, 287 (2d Cir. 2013)....................2

**Statutes**
28 U.S.C. § 2462 .....................................................................................................................1, 2

Federal Rule of Civil Procedure
15(a)(2)........................................................................................................................................1

## PRELIMINARY STATEMENT

Defendant Robert Newman (the "Defendant" or "Newman") respectfully submits this memorandum of law in opposition to the Security and Exchange Commission's (the "SEC") motion to file a Third Amended Complaint, alleging additional facts against Newman and his co-defendant William Uchimoto ("Uchimoto"). In particular, for the reasons stated below, Newman opposes the SEC's motion, to the extent that the Third Amended Complaint seeks disgorgement of funds received by Newman more than five years prior to the time the Complaint in this action was filed. A decision by the Supreme Court issued on June 5, 2017, known as Kokesh v. SEC, 581 U.S. __, 2017 WL 2407471 (June 5, 2017), precludes such claims.

In addition, Newman expects that his co-defendant Uchimoto will oppose the SEC's motion, and Newman joins in Uchimoto's arguments to the extent they are applicable to him, and incorporates them by reference here.

## ARGUMENT

### POINT I

### THE SEC SHOULD NOT BE PERMITTED TO MAKE ANY CLAIM FOR DISGORGEMENT OF FUNDS RECEIVED BY NEWMAN MORE THAN FIVE YEARS BEFORE THE FILING OF THE ORIGINAL COMPLAINT

Although Federal Rule of Civil Procedure 15(a)(2) provides that "The Court should freely give leave [to amend] when justice so requires," the Court should not permit the SEC to file a Third Amended Complaint that includes claims that are not valid under the law as it now stands. For the reasons stated below, any claim for disgorgement of funds received by Newman prior to September 10, 2010 is not cognizable, and the SEC should not be permitted to file a Third Amended Complaint to assert such claims.

28 U.S.C. § 2462 "sets a fixed date when exposure to [SEC] enforcement ... ends." Gabelli v. SEC, 133 S.Ct. 1216, 1221 (2013). The SEC commenced this action on Sept. 10, 2015. 15 CV 7116, ECF No. 1. Most of Newman's alleged misconduct occurred beyond "five years from the date when the claim first accrued," 28 U.S.C. § 2462, because "claim[s] based on fraud accrue" when "allegedly fraudulent conduct occurs" – not when the conduct is discovered. Gabelli, 133 S.Ct. at 1220.

At the time Newman made his motion to dismiss the Amended and Second Amended Complaints, the law was clear that the application of 28 U.S.C. § 2462 to this case required that any claims for *civil penalties* based on acts pre-dating September 10, 2010, be dismissed. Indeed, the Courts have consistently held that "any [illicit] profit earned ... earlier than five years before the SEC instituted its suit against the defendants may not be included as part of the civil penalty." S.E.C. v. Pentagon Capital Management PLC, 725 F. 3d 279, 287 (2d Cir. 2013). Firm adherence to the five year limit prevents the SEC from thwarting the "the basic policies of all limitations provisions." Gabelli at 1221.

However, at the time Newman made his motion to dismiss, it was not clear that the rule announced by Gabelli would apply to the SEC's claims for disgorgement. In Kokesh v. SEC, 581 U.S. __, 2017 WL 2407471 (June 5, 2017), the Supreme Court cleared this issue up, by holding that "SEC disgorgement constitutes a penalty within the meaning of § 2462 ... [and] [t]he 5-year statute of limitations in § 2462 therefore applies when the SEC seeks disgorgement." Kokesh, at *7, *8. Accordingly, the SEC should not be permitted to include in its Third Amended Complaint any claim for disgorgement of funds that Newman received prior to September 10, 2010.

2

## POINT II

### NEWMAN JOINS IN
### HIS CO-DEFENDANT'S ARGUMENTS

Newman anticipates that his co-defendant Uchimoto will oppose the SEC's motion to file a Third Amended Complaint. To the extent that Uchimoto's arguments are applicable to Newman, those arguments are hereby incorporated by reference and Newman relies on them as additional grounds to deny the SEC's motion to file a Third Amended Complaint.

### CONCLUSION

For the reasons set forth above, Defendant Robert Newman respectfully requests that the Court deny the SEC's motion to file a Third Amended Complaint, consistent with the arguments asserted above.

Dated: June 30, 2017
    New York, NY

SERCARZ & RIOPELLE, LLP

By: _____
Roland G. Riopelle (RR-2950)
Robert Caliendo (RC-1515)
810 Seventh Avenue, Suite 620
New York, NY  10019
(212) 586-4900

*Attorneys for Defendant Robert Newman*

3