UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
DIVISION OF ENFORCEMENT
100 F STREET, N.E.
WASHINGTON, D.C. 20549-4631



Derek S. Bentsen
Assistant Chief Litigation Counsel
Telephone:  (202) 551-6426
Facsimile:  (202) 772-9282
BentsenD@sec.gov

September 1, 2017

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   *Securities and Exchange Commission v. Wey, et al.,* **15-cv-7116-PKC (SDNY)**

Dear Judge Castel:

In accordance with the Court's August 11, 2017 Order (Dkt No. 163), the SEC writes to inform the Court of its intended actions in response to Judge Nathan's order suppressing evidence obtained during the execution of search warrants in the related criminal case.  Pursuant to the Court's Individual Practices, the SEC will file a pre-motion letter requesting to move to withdraw the pending motion to amend the complaint (Dkt. No. 151).  In addition, the SEC will file notices of voluntary dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), of the claims against defendants Benjamin Wey, Michaela Wey, New York Global Group, and Robert Newman, and relief defendants Advantage Consultants, Ltd., York Capital Management, Ltd., Four Tong Investments, Ltd., Strong Growth Capital, Ltd., and Median Assets Investments, Ltd.[1]

As the United States Attorney's Office noted in the filing of its *nolle prosequi*, it sought charges against Benjamin Wey "based in significant part on materials seized during [the] searches" of the Weys' apartment and New York Global Group's office.  *United States v. Wey*, 15-cr-611-AJN (S.D.N.Y.), Dkt. No. 128 at 2.  Because the government could no longer rely on that evidence at trial, it dismissed the charges.  *Id.*  The SEC also relied on the seized evidence in deciding to bring charges against Benjamin Wey and the other defendants in this case.  After reviewing the relevant Second Circuit law, in light of the particular facts of this case, the SEC believes its ability to introduce the seized evidence against certain defendants may also be affected.  *See Tirado v.*

---

[1] The SEC is filing voluntary notices of dismissal against these relief defendants because they have dissolved, not because of Judge Nathan's ruling.

The Honorable P. Kevin Castel
September 1, 2017
Page 2 of 2

*Commissioner of Internal Revenue*, 689 F.2d 389 (2d Cir. 1982).  As a result, the SEC has decided not to continue this action against Benjamin Wey, Michaela Wey, New York Global Group, William Uchimoto, and Robert Newman.

    The SEC also intends to voluntarily dismiss its claims against relief defendants Advantage Consultants, Ltd., York Capital Management, Ltd., Four Tong Investments, Ltd., Strong Growth Capital, Ltd., and Median Assets Investments, Ltd. because those entities have been dissolved.

    The SEC intends to continue to litigate its claims against defendants Tianyi Wei and Seref Dogan Erbek and relief defendant Han Hua, Ltd.

                                           Sincerely,

                                           /s/ Derek S. Bentsen
                                           Derek S. Bentsen