

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

March 16, 2018

**BY EMAIL AND ECF**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    **United States v. Seref Dogan Erbek,**
            **15 Cv. 7116 (PKC)**

Dear Judge Castel:

      The Government writes to respectfully request that the Court impose a complete stay of discovery in this case, in light of defendant Erbek's arrest on a warrant issued in case 15 Cr. 611 (AJN) (the "Criminal Case"). Counsel for defendant Erbek consents to the proposed stay. The SEC takes no position on this request.

    **I.**    **Background**

      On March 8, 2016, the Government moved for a limited stay of discovery in this action, in light of the then-pending criminal prosecution of Benjamin Wey. (Dkt. 86). The Government argued that a stay was appropriate based on the factors set out by the Second Circuit in *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012), specifically

1) "the extent to which the issues in the criminal case overlap with those presented in the civil case";

2) "the status of the case, including whether defendants have been indicted";

3) "the private interests of the plaintiffs in proceeding expeditiously weight against the prejudice to the plaintiffs caused by the delay";

4) "the private interests of and burden on the defendants";

5) "the interest of the courts and"

6) "the public interest."

Hon. P. Kevin Castel
March 16, 2018
Page 2 of 3

*Louis Vuitton*, 676 F.3d at 99.

At a conference on June 8, 2016, and over the objections of two defendants in this case, the Court granted the Government's motion, staying the action except for "certain motions" and the production of certain deposition transcripts (the "Prior Stay"). (6/8/16 Tr. at 24 ("So what the Court is going to do here is it's going to allow certain motions to go forward, motions to dismiss, and it's going to require the SEC to produce transcripts of any individual who testified before the SEC to the extent that the transcript has been produced in the criminal action and the government has offered to allow or to disclose to the SEC which transcripts have been produced so they may comply with that.")).

The Court found that the *Louis Vuitton* factors weighed in favor of a stay. Among other things, the Court noted that (i) the criminal case and this case involved "substantially overlap[ping] facts and issues; (ii) Wey and Erbek had already been indicted; (iii) Wey and Erbek consented to the stay; (iv) "a stay of some scope will promote the Court's interest in judicial economy" because it would "prevent unnecessarily duplicative litigation"; and (v) the public interest favored entering the stay because "[t]he public has an interest in protecting Wey and Erbek's Fifth Amendment rights as well as in [e]nsuring that civil discovery is not used to circumvent the restrictions on criminal discovery." (*Id.* at 21-24).

In August 2017, after receiving an adverse ruling on a motion to suppress evidence, the Government sought, and Judge Nathan entered, a *nolle prosequi* against Wey in the Criminal Case. The Government then moved to lift the Prior Stay in this case. In doing so, however, the Government noted that "criminal charges against Dogan Erbek are still pending," "Erbek remains a fugitive," and it was reserving the right to seek further relief from the Court if circumstances changed in the Criminal Case. (*See* Dkt. 186).

In late December 2017, the Government learned that Erbek had been arrested in Algeria, on an Interpol Red Notice based on the arrest warrant in the Criminal Case. The Government promptly prepared an extradition package, which was delivered to the Algerian authorities in January 2018. Erbek's extradition remains pending at this time, but the Government was recently informed that the Algerian Supreme Court has approved his extradition. The Government understands based on discussions with Erbek's counsel that Erbek's arrival in the District is imminent.

**II.     Discussion**

The Court should stay discovery in this case, pending the outcome of the Criminal Case.

As noted above, the only remaining defendant in this case, Erbek, consents to a total stay. During litigation involving the Prior Stay, two of the defendants, William Uchimoto and Robert Newman, had objected to a stay. (*See* 6/8/16 Tr. at 5-10).

Moreover, the *Louis Vuitton* factors are materially unchanged from when the Court entered the Prior Stay.

Hon. P. Kevin Castel
March 16, 2018
Page 3 of 3

      First, the facts and issues in the Criminal Case and this case substantially overlap.

      Second, Erbek has been indicted.  Although he has not yet arrived in the District, his prosecution is not "a remote or hypothetical possibility," *Louis Vuitton*, 676 F.3d at 100 n.14, as he has in fact been charged and the Algerian Supreme Court has approved his extradition to the United States.

      Third, a stay would promote judicial economy, because it would avoid unnecessarily duplicative litigation.

      Fourth, a stay would result in little to no prejudice to the parties.  Erbek consents to the stay.  The SEC takes no position on this motion, and thus there is no prejudice to the plaintiffs.  *See SEC* v. *Syndicated Food Serv. Int'l*, 04 Civ. 1303 (E.D.N.Y. Aug. 26, 2004) ("[A] stay of discovery would not prejudice the plaintiffs in the civil case, as evidenced by the fact that the SEC does not oppose the USAO's motion.").  Here, a stay of discovery would allow Erbek to focus on defending the criminal charges against him and avoid any negative implications in this matter should he choose to assert his Fifth Amendment rights during the pendency of the Criminal Case.

      Fifth, the public interest favors stay.  There is still a strong interest in ensuring "that civil discovery is not used to circumvent the restrictions on criminal discovery."  (6/8/16 Tr. 24).

      In short, the Court should stay discovery in this case.

                                         Respectfully submitted,

                                         GEOFFREY S. BERMAN
                                         United States Attorney

                          By:    /s/ Brendan F. Quigley
                                   Brendan F. Quigley
                                   Andrew Thomas
                                   Assistant United States Attorneys
                                   (212) 637-2190/ 2106

*cc*:      Parties of Record (by ECF)