

**Baker & McKenzie LLP**

452 Fifth Avenue
New York, NY 10018
United States

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

* Associated Firm
** In cooperation with Trench, Rossi e Watanabe Advogados

March 21, 2018

Our ref:   10023423-50110203

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

By ECF

**Re: Securities and Exchange Commission v. Seref Doğan Erbek, 15 Cv. 7116 (PKC)**

Dear Judge Castel,

We represent Seref Doğan Erbek in the above-referenced matter (the "Civil Action").  We write respectfully to join in the Department of Justice's ("DOJ") March 16, 2018 motion for a total stay of the Civil Action (Dkt. 209), pending the completion of the criminal trial in United States v. Erbek, 15 Cr. 611 (AJN) (the "Criminal Action").  As the DOJ notes, the SEC takes no position on the request for a total stay.  The next hearing in the Civil Action is scheduled for January 4, 2019.  As set forth in more detail below, a total stay of the Civil Action will preserve Mr. Erbek's Fifth Amendment right and allow him to fully and freely defend himself in both the Criminal and Civil Actions, while ensuring that neither party uses the broader civil discovery rules as an end run around the more narrow discovery available in criminal matters.

The background to the prior stay in the Civil Action is set forth in the DOJ's March 16, 2018 motion (Dkt. 209).  Previously, the Court stayed the Civil Action with the narrow exception of allowing motions to dismiss to proceed and allowing the production of SEC testimony transcripts that were to be produced in the criminal trial (June 8, 2016 Tr. at 24) (the "Prior Stay").  A copy of the transcript containing the Court's ruling on the Prior Stay (Dkt. 104) and the subsequent order (Dkt. 103) are attached hereto as Exhibits A and B, respectively.

Adding to the DOJ's discussion of the six factors set forth in *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012), which courts are to consider when deciding whether to stay a civil action in the face of a parallel criminal proceeding, we note:

(i)     *Overlapping Issues*: the issues in the Civil and Criminal Actions substantially overlap.  Indeed, they spring from the same operative set of facts and essentially make the same allegations.  The Civil and Criminal Actions were filed simultaneously, in the same courthouse, after a multi-year, joint investigation by the SEC and DOJ.  Inevitably, the two proceedings will involve the same evidence and likely the same witnesses.  As Mr. Erbek's

former co-defendant (in both the Civil and Criminal Actions) Benjamin Wey's letter-motion in support of the Prior Stay put it: "The conduct at issue in the Related Criminal Proceeding is completely subsumed into the Amended Complaint – it appears that every allegation of the Indictment is either echoed or copied into this case." (Dkt. 73 at p. 2); *see SEC v. Boock*, 09-cv-8261, 2010 WL 2398918, at *2 (S.D.N.Y. June 15, 2010) (granting stay because "[t]he schemes that underlie the charges in the indictment and the civil complaint are both securities fraud schemes. In addition, both sets of schemes are premised on the improper hijacking of defunct or dormant companies, share overlapping time frames, and name an identical targeted company."). As such, Mr. Erbek cannot defend the Civil Action without endangering his Fifth Amendment right in the Criminal Action. Even document discovery alone could implicate act of production issues (*See United States v. Hubbell*, 530 U.S. 27 (2000)), and may permit both parties to use the broader civil discovery process to circumvent narrower criminal discovery rules.

(ii)     *Status of the Matter*: Mr. Erbek has been indicted, and was arrested on a warrant in Algeria. He has exhausted his challenges to extradition in Algeria, and we understand his arrival in this district to stand trial is imminent. As such, we anticipate that the litigation of the Criminal Action will begin soon after Mr. Erbek's arrival in the district and the stay of the Civil Action will not drag on unnecessarily.

(iii)    *Prejudice to Plaintiff*: the SEC will suffer no prejudice from the proposed stay, as indicated by its not taking a position on the DOJ's motion. *See SEC v. Syndicated Food Serv. Int'l*, 04 Civ. 1303 (E.D.N.Y. Aug. 26, 2004) ("[A] stay of discovery would not prejudice the plaintiffs in the civil case, as evidenced by the fact that the SEC does not oppose the USAO's motion."), cited in the DOJ's March 16 letter at p. 3.

(iv)    *Interest of and Burden on Defendant*: Mr. Erbek would be burdened if there were not a total stay of the Civil Action, as he cannot defend himself in the Civil Action while protecting his Fifth Amendment right in the Criminal Action. Further, Mr. Erbek is the only defendant remaining in both the Civil and Criminal Actions, and therefore no other defendant is potentially burdened by a stay. When the Court last granted a stay of the Civil Action, there were seven defendants in the Civil Action and two in the Criminal Action, and the stay was granted over the objection of two of the Civil Action defendants (See Dkt. 88, 92). Furthermore, Mr. Erbek has finite financial means to fight these charges, and it would be unfair to require him to expend the resources to litigate these two parallel enforcements at once.

(v)     *Interest of the Courts*: A total stay promotes judicial economy, as it prevents duplicative litigation. Given the commonality of facts and allegations in the Civil and Criminal Actions, the outcome of the Criminal Action is very likely to have a profound impact on, if not dictate, the outcome or settlement of the Civil Action. If Mr. Erbek is convicted, the SEC will almost certainly argue collateral effect on his liability in the Civil Action. *See, e.g.*, *SEC v. Westerfield*, No. 94-6997, 1997 WL 282241, at *2 (S.D.N.Y. May 27, 1997); *SEC v. Grossman*, 887 F. Supp. 649, 659 (S.D.N.Y. 1995). If he is acquitted, that, too, will have a profound impact on the Civil Action. And, if there is a disposition in the

Criminal Action, there is likely to be a parallel settlement in the Civil Action. Indeed, the SEC dismissed its action against Mr. Wey and several other defendants after much of the evidence against Mr. Wey was suppressed in the criminal case, which was also dismissed against Mr. Wey.

(vi)    *Interest of the Public*:    As this Court held in granting the Prior Stay in the Civil Action, "[t]he public has an interest in protecting Wey and Erbek's Fifth Amendment rights as well as in [e]nsuring that civil discovery is not used to circumvent the restrictions on criminal discovery." (June 8, 2016 Tr. at 21-24).

Accordingly, we respectfully join the government in requesting a total stay of the Civil Action, as a total stay will best protect Mr. Erbek's rights, preserve judicial resources and generally best serve the ends of justice.

Respectfully submitted,

*/s/ William Devaney*

William H. Devaney (WD-0563)
Partner
+1 212 626 4337
William.Devaney@bakermckenzie.com

*Attorneys for Defendant Seref Doğan Erbek*

Cc:    Cheryl Crumpton, Esq., Securities and Exchange Commission
       Derek Bentsen, Esq., Securities and Exchange Commission
       Brendan Quigley, Esq., Assistant United States Attorney
       Andrew Thomas, Esq., Assistant United States Attorney